[No. 7455.  Decided March 3, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
STEWART, *Appellant.*[1]

RAPE—EVIDENCE—COMPLAINT MADE BY PROSECUTRIX—CORROBORA-
TION CONNECTING DEFENDANT WITH CRIME. Evidence of complaint
made by the prosecutrix, soon after a rape, is admissible only as
corroborative proof that the complainant was raped, and it is not
such corroboration as "tends to convict the defendant of the com-
mission of the offense," within the requirement of Laws 1907, p. 396;
since some substantial fact or circumstance independent of the state-
ment of the prosecutrix is required.

SAME—INSTRUCTIONS. An instruction which singles out and
makes prominent the complaint made by the prosecutrix, without
qualification or explanation of its character as evidence, as a "cor-
roborating circumstance, tending to support her testimony  .  .  .
relating to the alleged crime of rape having been committed upon
her," is prejudicial error tending to mislead the jury into finding
therefrom corroboration tending to connect the defendant with the
crime (FULLERTON and DUNBAR, JJ., dissenting).

STATUTES—RULE OF CONSTRUCTION. In construing a statute, the
courts must look to the old law, the mischief and the remedy.

Appeal from a judgment of the superior court for Stevens
county, Carey, J., entered October 16, 1907, upon a trial
and conviction of rape.  Reversed.

*F. C. Robertson* and *Slater & Allen*, for appellant.

*J. A. Rochford*, for respondent.

CHADWICK, J.—After instructing the jury generally, and
particularly calling its attention to the law of 1907, page
396, wherein it is declared that "no conviction shall be had
for the offense of rape, or seduction, in this state upon the
testimony of the female raped, or seduced, unless it is cor-
roborated by such other evidence as tends to convict the de-
fendant of the commission of the offense," the court gave the
following instruction:

"If the jury find from the evidence beyond a reasonable
doubt that the complaining witness made complaint of the

[1]Reported in 100 Pac. 153.

alleged commission of the offense charged in the information
to another, at the earliest opportunity, and immediately af-
ter the time of the alleged commission of the offense charged;
then such complaint, if any such appears in evidence, is a cor-
roborating circumstance, tending to support her testimony,
if any she has given, relating to the alleged crime of rape
having been committed upon her, at the time and place al-
leged in the information; and the court instructs you that
such complaint, if any such complaint you find from the evi-
dence, is a circumstance which the jury should take into con-
sideration with all other facts and circumstances in the case,
as shown by the evidence, in determining the question whether
a rape at the time and place charged in the information was,
in fact, committed upon the complaining witness."

Error is predicated upon the giving of this instruction.

The principal and only affirmative defense offered by ap-
pellant was that of an alibi. The purpose of the statute was
to prevent the conviction of a person charged with the crime
of rape or seduction, upon the testimony of the woman, with-
out evidence of some fact or circumstance coming from a
source independent of her—in other words, to prevent a
prosecutrix from corroborating herself. This is made ap-
parent by reference to the act. It in terms requires other
evidence, not of the act of rape, for from the nature of the
crime that would generally be impossible, but of some ma-
terial fact or circumstance tending to convict the person
charged. It cannot be that it was the intent of the legisla-
ture to provide that, if a prosecutrix, within a reasonable time
after the offense was committed, made complaint to another,
it was a matter of corroboration within the meaning of the
law. If so, no purpose was served by its enactment. It has
always been the rule that evidence of complaint made soon
after the outrage was perpetrated could be received either as
original evidence or to sustain the evidence of the prosecutrix
if impeached. This subject is fully treated and authorities
collected by the following text-writers: 1 Greenleaf, Evi-
dence (16th ed.), 162h, 469c; Wharton, Criminal Evidence
(9th ed.), § 273; 4 Elliott, Evidence, § 3102; 1 McClain,

Criminal Law, § 456; 10 Ency. Evidence, 600; Wigmore, Evidence, 1134-1140. The rule has also been declared in this state: *State v. Hunter*, 18 Wash. 670, 52 Pac. 247; *State v. Griffin*, 43 Wash. 591, 86 Pac. 951.

In the case last cited, the purpose of such testimony and extent of its application are fully discussed. It is settled by the great weight of authority that such evidence is received, whether upon the one theory or the other, only as corroborative proof that the complainant was in fact raped. Confusion has arisen from the fact that courts and law writers have sometimes failed to differentiate between corroborative evidence in its broad sense and the mere confirmation of the testimony of a prosecutrix by reproducing her story at a time when, as the law presumes, instinctive and spontaneous utterance of bodily and mental anguish prompts the pronouncement of truth. The one is evidence of substantive facts independent of the prosecutrix, which tend in some degree to support her testimony. The other is evidence in corroboration of her testimony, and merely affecting her credibility as a witness.

The words "corroborating evidence," as used in these statutes, has been defined by Keith, P., in the case of *Mills v. Commonwealth*, 93 Va. 815, 22 S. E. 863, to be "evidence which does not emanate from the mouth of the seduced female; that it must not rest upon her credibility, but must be such evidence as adds to, strengthens, confirms and corroborates her." It may be laid down as a general rule that corroboration in this connection means testimony of some substantive fact or circumstance independent of the statement of the prosecutrix. It may be either direct or circumstantial, and however slight it must tend to connect the defendant with the crime. *State v. Jones*, 48 Wash. 133, 92 Pac. 899. Corroboration of the testimony of the witness is not sufficient. Corroboration of the fact in dispute is essential. A person may be convicted without the one, if the testimony be otherwise sufficient. He cannot be convicted if the other is lacking, how-

ever credible the testimony of the prosecuting witness may be.

To single out and make prominent, by way of separate instruction, the complaint of the prosecutrix that she had been the victim of a rape, without qualification and proper explanation of its character as evidence, was calculated to mislead the jury into the belief that it, being a matter of corroboration and so styled by the trial judge, was such corroboration as is referred to in the statute, and sufficient in itself to meet the requirements thereof. A complaint to a third party is neither a positive fact nor a circumstance tending to convict a party charged, within the meaning of the law. The fact of complaint was not denied. The independent evidence from which corroboration might have been found in this case was conflicting, and the jury may have honestly disagreed as to all of it, and still under the instruction complained of found the verdict in this case. The prosecutrix had testified that appellant had ravished her. The jury would naturally seize upon the only undisputed fact in the case as corroboration, when told by the court that it was a corroborating circumstance tending to support her testimony. The statute of 1907 creates a rule of evidence and makes it the law of the case. The court must fully and clearly instruct the jury upon the material question of law involved, although there be in fact corroborating circumstances. *State v. Carnagy,* 106 Iowa 483, 76 N. W. 805.

It is a familiar canon of the law that, in the construction of a statute, courts will look to the old law, the mischief, and the remedy. Under the old law the instruction complained of was proper. The mischief lay in the fact that convictions might be had upon the uncorroborated testimony of the prosecutrix. To meet this the legislature framed a new rule, and by so doing put upon the courts the duty of qualifying the rule which, by reason of its application, induced the new enactment. The court should have safeguarded the constitutional and legal rights of appellant by saying that corroboration arising from a timely complaint could not be taken

as corroboration tending to support the evidence of the prosecutrix in the particular that appellant was the guilty person.

The judgment of the lower court is reversed and a new trial ordered.

RUDKIN, C. J., MOUNT, CROW, and GOSE, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the ruling made in this case. In the opinion of the majority it is assumed that the court, in that portion of the charge to the jury quoted therein, instructed them to the effect that, if they found that the prosecuting witness made complaint to another of the commission of the offense upon her at the earliest opportunity and immediately after the time the offense was committed, such complaint was a corroborating circumstance tending to show that the accused was the person who committed the rape. In my opinion the instruction quoted does not in the remotest degree bear this construction. It is a plain charge to the effect that proof of such complaint is corroborative evidence of the fact that the prosecuting witness has been raped; nothing more. And that such an instruction is sound law is conceded in the majority opinion itself. As therein stated, "It has always been the rule that evidence of complaint made soon after the outrage was perpetrated could be received either as original evidence, or to sustain the evidence of the prosecutrix if impeached;" and that, "It is settled by the great weight of authority that such evidence is received . . . as corroborative proof that the complainant was in fact raped." This being true, there was no error in the charge of the court, as it did no more than give the evidence that effect.

But it is said further in this connection that the court should have charged the jury that corroboration arising from timely complaint could not be taken as corroboration tending to support the evidence of the prosecutrix in the particular that the appellant was the guilty person. Had a

request been made for such an instruction, then unquestionably the court should have given it.   But in this state mere nondirection, either partial or total, is not ground for a new trial.   A party cannot, by excepting to a charge, make it the foundation for an assignment of error, merely because it is indefinite and incomplete.   Counsel owe the duty to the court, in criminal as well as in civil cases, not to mislead it either by silence, artifice, or fraud.   It is counsel's duty, therefore, to call to the attention of the court any omission he may deem material in the court's charge, and failure to do so is a waiver of the right to assign error upon it.   *State v. Parsons*, 44 Wash. 299, 87 Pac. 349.

In my opinion the judgment should be affirmed.

DUNBAR, J., concurs with FULLERTON, J.