[No. 6931-1-III.  Division Three.  April 10, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID JOHN HOLMES, *Appellant*.

*Irene Cleavenger,* for appellant (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *Jerry Adair, Deputy,* for respondent.

THOMPSON, J.—David J. Holmes appeals his conviction of attempted second degree burglary, challenging (1) admission of evidence concerning two prior theft convictions and (2) validity of the prior convictions. We reverse and remand for a new trial.

On June 25, 1984, Pasco police officer Robert Martin responded to a call concerning an attempted burglary at the home of Mr. and Mrs. Norris Thompson. Mrs. Thompson, visibly upset and having difficulty breathing,[1] related she was awakened by noises at her bedroom window. She pulled the curtain open and reported seeing a man's face directly against the window.

Upon investigation, the police discovered a screen had been removed from the window where Mrs. Thompson had seen the face. The window was dusted and fingerprints were discovered that were identified as those of the defendant, David Holmes. Additionally, a neighbor gave police the description of an individual she had seen within 1½ blocks of the Thompson home that same day. The police later arrested Mr. Holmes based partially on the witness' identification of a composite likeness. A jury convicted Mr. Holmes of attempted second degree burglary, RCW 9A.28.020 and 9A.52.030(1), and he was sentenced to prison for a maximum of 5 years.

■ The dispositive issue on appeal is whether the trial court erred when it decided under ER 404(b) the State could prove intent by admitting two prior juvenile convictions for second degree theft. In order to prove the crime of attempted second degree burglary,[2] one of the elements the

---

[1] Mrs. Thompson died later that evening of an apparent heart attack.

[2] RCW 9A.28.020 provides in part:
"(1) A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime."
RCW 9A.52.030 provides in part:
"Burglary in the second degree. (1) A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle."

State had to prove was intent—the same intent required in proof of second degree burglary. *State v. Bergeron,* 105 Wn.2d 1, 4, 711 P.2d 1000 (1985); *State v. Allen,* 101 Wn.2d 355, 359, 678 P.2d 798 (1984). According to *State v. Johnson,* 100 Wn.2d 607, 622–27, 674 P.2d 145 (1983), when burglary is charged, the State must prove beyond a reasonable doubt what crime a person intended to commit when he enters or remains unlawfully in a building. Under the facts in this case the alleged felon had done no more than remove a window screen, severely limiting the prosecutor's ability to prove what crime was intended once the building was entered. Faced with this dilemma, the prosecutor sought to admit Mr. Holmes' prior convictions for robbery, burglary, possession of stolen property, theft, and possession of marijuana to prove that the crime he intended to commit once he entered the home was theft. The trial court allowed only two prior juvenile convictions for second degree theft, ruling the prejudicial effect of admitting the other convictions outweighed their probative value.

ER 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Before evidence can be admitted pursuant to this rule, two criteria must be met: (1) the evidence must be shown to be legally relevant to a material issue before the jury; and (2) if the evidence is relevant, its probative value must outweigh its potential for prejudice. *State v. Terrovona,* 105 Wn.2d 632, 716 P.2d 295 (1986); *State v. Robtoy,* 98 Wn.2d 30, 42, 653 P.2d 284 (1982); *State v. Anderson,* 41 Wn. App. 85, 100, 702 P.2d 481 (1985). The rule requires a showing that even though logically relevant, evidence must also be legally relevant. Logically relevant evidence may be declared inadmissible on policy grounds. R. Lempert & S. Saltzburg, *A Modern Approach to Evidence* § 1, at 146

(1977). Although the two prior juvenile convictions for theft may arguably be logically relevant if you accept the basic premise of once a thief, always a thief, it is not legally relevant. It is made legally irrelevant by the first sentence in ER 404(b). The only reason the two convictions were admitted was to prove that since Mr. Holmes once committed thefts, he intended to do so again after entering the Thompson home. This falls directly within the prohibition of ER 404(b).

The trial court on the record carefully weighed the probative value of the offered criminal acts against their prejudicial effect and excluded all but the two thefts. But before the admissibility of the prior crimes properly became the subject of that weighing process, the court had to determine the evidence was admissible for a reason other than to prove the defendant acted in conformity with his propensity to commit crimes.

> When the sole purpose of the other crimes evidence is to show some propensity to commit the crime at trial, there is no room for ad hoc balancing. The evidence is then unequivocally inadmissible—this is meaning of the rule against other crimes evidence.

E. Cleary, *McCormick on Evidence* § 190, at 565 (3d ed. 1984). The court's discretion does not include the right to ignore the basic rule that other crimes are excluded; rather, it lies in the other direction in empowering the judge to exclude other crimes evidence even when it has substantial independent relevancy, when in his judgment its probative value is outweighed by danger of prejudice. E. Cleary, *McCormick on Evidence* § 190, at 453 (2d ed. 1972).

The two juvenile convictions for theft were independent offenses, admitted into evidence as the basis for an inference that Mr. Holmes was going to commit theft in the Thompson home because he was a thief. This was error.

The specific exception in ER 404(b) the trial court found applicable to justify the admission of the convictions was that the thefts tended to prove intent, but before this exception can be relied on, the prior convictions must have

some additional relevancy beyond mere propensity. 2 J. Weinstein & M. Berger, *Evidence* ¶ 404[12], at 404–92 (1985). *See, e.g., State v. Laureano,* 101 Wn.2d 745, 682 P.2d 889 (1984), wherein the additional relevancy that warranted admission of prior convictions was a quality of sameness between the two crimes that tended to prove identity.

Since we have concluded it was error to admit the two prior juvenile convictions, we need not reach the second issue on appeal.

Remanded for a new trial.

GREEN, C.J., and MUNSON, J., concur.

Review denied by Supreme Court June 3, 1986.