741 P.2d 491 (1987)
In the Matter of J.J.J. and J.E.J. Alleged Deprived Children.
James J. JOHNSON, Sr., Appellant,
v.
STATE of Oklahoma, Appellee.
No. 66877.
Court of Appeals of Oklahoma, Division No. 1.
July 14, 1987.
John A. Crawford, Lawton, for appellant.
Deborah L. Marchand, Asst. Dist. Atty., Lawton, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.
GARRETT, Judge:
J.J.J. and J.E.J., ages 6 and 4, were adjudged to be deprived children in accordance with verdicts of a jury. A previous jury had been unable to agree on a verdict.
For reversal, Appellant contends error was committed by the trial court in the following three propositions:
PROPOSITION I.
THE TRIAL COURT ERRED IN ALLOWING THE STATE TO PRESENT VIDEO TAPE INTERVIEWS WITH THE CHILDREN.
PROPOSITION II.
THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF THE FOSTER MOTHER TO DESCRIBING CONVERSATIONS WITH THE CHILDREN AND ACTS OF THE CHILDREN WHILE IN FOSTER CARE.
PROPOSITION III.
THE TRIAL COURT ERRED IN STRIKING THE TESTIMONY OF RESPONDENT FATHER'S WITNESS, HAROLD ARICO.
We find no error in the trial court proceeding as to propositions I and III. The first contention is governed by 10 O.S. Supp. 1984 § 1147. The record discloses substantial compliance. Since we order a new trial, it is suggested: the trial judge should personally view the video tapes, conduct *492 an evidentiary proceeding outside of the hearing of the jury, and cause a record with a clear showing of compliance with § 1147 to be made, prior to ruling on the admissibility of the video tapes. Also, the children should be available to testify. See, 10 O.S.Supp. 1984 § 1148. The third contention was clearly a matter of discretion with the trial court and we find no abuse thereof.
Appellant's proposition II is well taken and requires reversal for a new trial.
The children were placed in a foster home on a temporary basis pending trial. The foster mother was permitted to testify at the trial to various statements, conversations and acts of the children while in her home. Of course, what she observed was admissible in evidence, if otherwise material. Whether the statements and conversations were admissible in evidence was governed by 12 O.S.Supp. 1984 § 2803.1. This statute is as follows:
A. A statement made by a child under ten (10) years of age, which describes any act of sexual contact performed with or on the child by another, is admissible in criminal and juvenile proceedings in the courts in this state if:
1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
2. The child either:
a. testifies at the proceedings, or
b. is unavailable as defined in Title 12 as a witness.
When the child is unavailable as defined in Title 12 as a witness, such statement may be admitted only if there is corroborative evidence of the act.
B. A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement at least ten (10) days in advance of the proceedings to provide the adverse party with an opportunity to prepare to answer the statement.[1]
§ 2803.1 was amended in 1986 to change the age from 10 to 12. It requires, as a condition to admitting evidence of statements by the child, that the child either testify at the proceeding, or be unavailable as defined in Title 12 as a witness. In this case, the children were in the courthouse and available, but did not testify. If J.J.J. and J.E.J. had testified, this statutory requirement would have been satisfied. The procedure in § 1148, supra, would be sufficient.
The judgment of the trial court is reversed with directions to grant a new trial.
REVERSED AND REMANDED.
ROBINSON, P.J., and REYNOLDS, J., concur.
NOTES
[1] § 2803.1 is constitutional. In the Matter of W.D., an Alleged Deprived Child, 709 P.2d 1037 (Okl. 1985).