[No. 8835–5–II.   Division Two.   July 23, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID JUSTINIANO, *Appellant*.

*Rosemary A. McCauley* and *Miles, Way, Coyne & Humphrey,* for appellant (appointed counsel for appeal).

*Gary Burleson, Prosecuting Attorney,* and *Victoria C. Meadows, Deputy,* for respondent.

PETRICH, J.—David Justiniano appeals his conviction of one count of indecent liberties. He contends that the following evidence of sexual abuse was improperly admitted: (1) the child victim's hearsay statement, (2) the child's complaints reported to her doctor by the child's mother, and (3) the doctor's opinion that the child's mannerisms were consistent with those of an abused child; that his right to confrontation was violated; and that he was denied effective assistance of counsel.

The dispositive issue on appeal is: whether the victim, a child of less than 10 years, was incompetent as to the out-of-court statements implicating the defendant, because at

the time of her examination by the court in the courtroom setting, the child was unable to express in words the memory of the occurrence.

We conclude that even though the child witness in a courtroom setting is unable to express in words the memory of the occurrence, and is thus unable to testify at trial, the child nevertheless may be found to have been competent when she made a previous out–of–court statement, if, on a proper showing, the court is satisfied that the child is capable of receiving just impressions of the facts under inquiry and relating them truly. In this case, we are satisfied that the child's hearsay statements were properly admitted. We also conclude that the child's complaints, as related to the doctor by the child's mother, were admissible as statements given for the purpose of medical diagnosis or treatment, ER 803(a)(4); that the doctor's opinion that the child manifested characteristics of an abused child is not subject to review because no objection to this evidence was made at trial; that the defendant's right of confrontation was not abridged; and that the defendant was not denied effective assistance of counsel. We therefore affirm.

David Justiniano was charged by an amended information with one count of indecent liberties. The victim was Jane Doe,[1] the 4–year–old daughter of Justiniano's live–in girl friend. The case against Justiniano rested primarily on the child's out–of–court statements related to her mother.

The State gave notice of its intent to use the out–of–court statements of the 4–year–old victim as permitted by RCW 9A.44.120.[2] The trial judge held a pretrial hearing to determine if the statements to her mother would be admis-

---

[1] A fictitious name is assigned to the victim herein.

[2] RCW 9A.44.120 provides:

"Admissibility of child's statement—Conditions. A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in dependency proceedings under Title 13 RCW and criminal proceedings in the courts of the state of Washington if:

sible in evidence.

At that hearing, the child's verbal responses were limited. Most often, her response to the questions were made by nodding or shaking of her head to indicate affirmative or negative answers, or by pointing to persons in the court-room as a means of identification.

The critical out–of–court statement by the child, namely, "that's what David does with his finger, he did it for a long time and it hurt" was made when her mother was washing between the child's legs in the shower. The statement was not in response to any questions and was made about a month after the Christmas holidays, when according to the State's case, one of the incidents of indecent liberties occurred.

After hearing the evidence, the trial judge concluded that Jane was competent to testify because she was able to tell truth from falsity, had sufficient mental capacity to under-stand what had happened to her, and possessed a present recollection of past events. The judge carefully distin-guished the competency of the child to testify from her ability to testify in a courtroom setting. Although the child was competent, the judge found her unable to testify and excused her from testifying, thus making her unavailable for trial.[3]

The court ruled that the child's statement to her mother

---

"(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and

"(2) The child either:

"(a) Testifies at the proceedings; or

"(b) Is unavailable as a witness: *Provided,* That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

"A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet the statement."

[3]The defendant does not question the unavailability of the child to testify.

while being bathed bore the requisite "indicia of reliability" and, when coupled with corroborative evidence, would be admissible.

At trial, the corroborative evidence came from the child's 10–year–old brother. The brother testified that during the Christmas school break he observed Justiniano place his hand down Jane's pants while she was on the couch in the family living room.

Dr. Susan Reimer, the child's pediatrician, was called as a State's witness. The child had been brought to the doctor's office for the child's regular physical exam and also because the mother was concerned about possible sexual abuse of the child. The doctor was allowed to relate certain statements attributed to the child by the mother concerning acts of sexual abuse, as well as the substance of the brother's statement as stated by the mother. Deleted from any of these statements was any reference to Justiniano as the perpetrator of the various acts of sexual abuse. The judge, prior to trial, ruled that such statements would be admissible as statements for the purpose of medical diagnosis or treatment. ER 803(a)(4). In addition to relating various statements attributed to the child and the brother, the doctor testified as to her finding on the physical examination. Essentially, there was no evidence of bruises or contusions about the genital area. The child's vaginal orifice was slightly enlarged. The slight enlargement could be normal for the child or could result from stretching caused by a finger. The doctor testified that the child's tearful behavior was consistent with that of a child suffering from sexual abuse. The defense did not object to the doctor's testimony.

At trial, Justiniano claimed that he was innocent and that the child's mother conspired to get rid of him and had concocted the story with Jane. No other defense witnesses were presented to support the conspiracy theory.

HEARSAY STATEMENT UNDER RCW 9A.44.120
1. Competence of the Child Witness
Justiniano argues that Jane does not satisfy the criteria

of competency of a child witness announced in *State v. Allen*, 70 Wn.2d 690, 424 P.2d 1021 (1967).[4] Referring to the court's determination that Jane "did not have at the time she came before me the capacity to express in words the memory of the occurrence," Justiniano argues that Jane lacked one of the essential ingredients of competency and, therefore, her statement should have been excluded. We disagree.

In *Allen*, the court was determining the competency of a child to testify at trial. The court was not considering the child's competency to make a statement, which would be admissible by statute or court rule similar to RCW 9A.44-.120. Obviously in a trial setting if a child is unable to express in words the child's memory of the occurrence, the child has nothing of relevance to present to the trier of fact and should not be allowed as a witness.

Because the court here was considering the admissibility of an earlier statement under RCW 9A.44.120, the focus of the determination of competency should be on the competency to make the challenged statement, as was done here.

Furthermore, we are satisfied that the trial court's determination that Jane, because of her tender age and the ominous setting of the courtroom, was unable to express in words the memory of the occurrence goes to the child's availability for trial and not to the child's reliability or believability. *State v. Robinson*, 44 Wn. App. 611, 619, 722 P.2d 1379 (1986). Unavailability to justify the admission of out–of–court statements that would otherwise be excluded is defined in ER 804(a). A declarant is unavailable as a witness if he "[i]s unable . . . to testify at the hearing because

---

[4]Whether or not a child is competent to testify is based on the following criteria: whether the child has "(1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify, to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) *the capacity to express in words his memory of the occurrence;* and (5) the capacity to understand simple questions about it." (Italics ours.) *State v. Allen*, 70 Wn.2d at 692.

. . . of infirmity". ER 804(a)(4). The trauma of a courtroom setting imposed on a child of such tender years being questioned about such disagreeable events deprived Jane of the ability to verbalize in the courtroom what had happened, thus making her unavailable as a witness.

■ We conclude that the inability of a child witness to testify at trial does not render inadmissible the child's earlier out–of–court statement so long as the child was then competent to make such statement and the other requirements of RCW 9A.44.120 have been satisfied. *State v. Frey,* 43 Wn. App. 605, 718 P.2d 846 (1986) (inability to understand the nature of an oath and significance of court proceedings does not bear on reliability of statement when made); *State v. Robinson, supra* (stipulated incompetence to testify not the same as being unreliable or unbelievable as a witness); *State v. Gitchel,* 41 Wn. App. 820, 706 P.2d 1091 (1985) (child witness competent at time of the statement but incompetent to testify).

Competency of a witness is a matter to be determined by the trial court within the framework of RCW 5.60.050. *State v. Ryan,* 103 Wn.2d 165, 172, 691 P.2d 197 (1984). The statute declares incompetent to testify those "[c]hildren under ten years of age, who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly." Former RCW 5.60.050(2).

■ The determination of the witness's ability to meet the requirements of the test rests primarily with the trial judge who sees the witness, notices his manner, and considers the witness's capacity and intelligence. *State v. Allen, supra.* Because such matters are not reflected in a written record for appellate review, their determination lies within the sound discretion of the trial judge and will not be disturbed on appeal in the absence of proof of a manifest abuse of discretion. *State v. Allen, supra.*

Here, the trial judge, after listening to and watching Jane testify at a pretrial hearing, determined that she had the ability to tell truth from falsity, had sufficient mental

capacity to understand what had happened to her, and possessed a present recollection of past events even though the witness was reluctant to speak and had difficulty verbalizing. Based upon his determinations, the trial judge concluded that Jane was competent as a witness but was nevertheless unable to testify in a courtroom setting.

Our review of the record satisfies us that notwithstanding the child's limited ability to verbalize various events, she had an understanding of what is true and what is false and was aware of the importance of telling the truth. She also demonstrated an ability to recall various acts. After reviewing the record, we conclude that the judge did not manifestly abuse his discretion when declaring Jane competent as a witness.

### 2. Reliability of Hearsay Statements

■ RCW 9A.44.120 permits the use of hearsay statements made by a victim of child abuse, under the age of 10, at a defendant's trial provided that "indicia of reliability" are shown and, if the child victim does not testify, corroboration of the act must also be shown. "[T]he determination of whether statements are admissible under the child abuse hearsay exception is within the sound discretion of the trial court." *State v. Frey,* 43 Wn. App. at 611; *State v. Slider,* 38 Wn. App. 689, 698, 688 P.2d 538 (1984), *review denied,* 103 Wn.2d 1013 (1985). "A finding that statements are within the statutory child abuse exception should not be reversed absent a showing of manifest abuse of discretion." *State v. Jackson,* 42 Wn. App. 393, 396, 711 P.2d 1086 (1985); *see also State v. Slider,* 38 Wn. App. at 698.

In *State v. Ryan, supra,* the Supreme Court set out nine factors to be applied when determining whether hearsay statements are sufficiently reliable for admission purposes under RCW 9A.44.120. 103 Wn.2d at 175–76. The first five factors are as follows:

"(1) whether there is an apparent motive to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the state-

ments were made spontaneously; and (5) the timing of the declaration and the relationship between the declarant and the witness."

*State v. Ryan,* 103 Wn.2d at 175–76 (quoting *State v. Parris,* 98 Wn.2d 140, 146, 654 P.2d 77 (1982)). The last four factors are from *Dutton v. Evans,* 400 U.S. 74, 88–89, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970). They are as follows:

(1) the statement contains no express assertion about past fact, (2) cross examination could not show the declarant's lack of knowledge, (3) the possibility of the declarant's faulty recollection is remote, and (4) the circumstances surrounding the statement . . . are such that there is no reason to suppose the declarant misrepresented defendant's involvement.

*State v. Ryan,* 103 Wn.2d at 176.

Here, after applying the *Parris* and *Dutton* factors, the trial court concluded that (1) Jane did not have an apparent motive to lie notwithstanding the defendant's allegation of conspiracy because it was too incredible to believe that a mother would force her daughter to make such statements; (2) there was nothing in the record nor in the court's observations of Jane that would cause concern about Jane's character; (3) only the mother heard the initial statement; (4) the statements were made spontaneously and were not the result of questioning by the mother; and (5) because the corroborated incident occurred after Christmas and the statement was made in January, spontaneously in the shower, the timing of the declaration was not so long as to make it unreliable even though the declarant and the witness were mother and daughter. Consequently, the judge ruled that the requisite "indicia of reliability" were present and concluded that the hearsay statement made by Jane to her mother in the shower, was admissible.

Although all factors were not present, an analysis of the *Parris* and *Dutton* factors supports the trial court's conclusion that the statements were reliable. There has been no demonstration of a manifest abuse of discretion. *See State v. Frey, supra.*

### 3. Corroboration

The next issue concerns corroboration of the act because of the child's unavailability. Jane's 10-year-old brother, who was found competent to testify, stated that during Christmas vacation he saw the defendant with his hand in Jane's pants. The jury was instructed, that, as an element, it had to find beyond a reasonable doubt that the act occurred during Christmas break. Clearly, the brother's testimony corroborated Jane's hearsay statement to her mother.

The requirement of RCW 9A.44.120 having been satisfied, the trial court did not err in admitting Jane's statement to her mother describing Justiniano's indecent conduct.

### 4. Dr. Reimer's Testimony

Justiniano contends that Dr. Reimer should not have been permitted to testify about what Jane's mother told her Jane said, what Jane told her, and that Jane's behavior was consistent with sexually abused children. The defense did not object when the testimony was offered at trial.

Here, the trial court ruled that Dr. Reimer's testimony concerning what she had been told by the mother was admissible pursuant to ER 803(a)(4). Failure of defense counsel to object at trial is understandable because of the trial court's pretrial hearing and ruling on the admissibility of this evidence. 5 K. Tegland, Wash. Prac., *Evidence* § 9 (2d ed. 1982).

We conclude that the statements made to the doctor by the mother are the equivalent of statements made by the child to the doctor and are admissible under ER 803(a)(4) as statements made for purposes of diagnosis or treatment. We so conclude because children of tender years are incapable of expressing their medical concerns to physicians.

There was no pretrial ruling on the admissibility of Dr. Reimer's opinion that Jane's behavior was consistent with that of an abused child. Because ER 103(a)(1) requires that

objections to the admission of evidence must be timely made, and the defendant failed to object, this issue was not preserved for our review.

## CONFRONTATION CLAUSE

The defendant contends that the admission of the hearsay statements violated his Sixth Amendment and Const. art. 1, § 22 (amend. 10) right to confront the witness. We disagree.

This question has been decided adversely to the defendant's position. The child abuse hearsay statute, RCW 9A.44.120, has been found by our Supreme Court to be constitutional and not violative of a criminal defendant's confrontation rights. *State v. Ryan, supra; State v. Frey, supra.* There was no error.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The defendant next contends that trial counsel was ineffective because of his failure to object to Dr. Reimer's testimony and to the finding of the court that corroboration was present. He also contends that counsel was ineffective because he did not call witnesses to support the defense theory of conspiracy.

▪ The Washington State and United States Constitutions guarantee a criminal defendant the right to effective assistance of counsel. Const. art. 1, § 22 (amend. 10); U.S. Const. amend. 14, § 1. The test is a 2–pronged test. *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). First, the defendant must show that his counsel's performance was deficient. This prong is met by a showing that the "'counsel's representation fell below an objective standard of reasonableness.'" Second, the defendant must show that his counsel's deficient performance prejudiced the defendant. This prong is met when the defendant can show a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Sardinia,* 42 Wn. App. 533, 539, 713 P.2d 122 (1986). "[T]here is a strong presumption of adequate assistance of counsel." *State v. Sar-*

*dinia,* 42 Wn. App. at 539. "If defense counsel's trial conduct can be characterized as legitimate trial strategy or tactics, then it cannot serve as a basis for a claim that the defendant did not receive effective assistance of counsel." *State v. Mak,* 105 Wn.2d 692, 731, 718 P.2d 407, *cert. denied,* 107 S. Ct. 599 (1986); *State v. Sardinia,* 42 Wn. App. at 542.

Here, applying the *Sardinia* test, trial counsel's decisions not to object to Dr. Reimer's testimony or to challenge the court's finding of corroboration, and not to call additional witnesses, constitute strategic decisions. "Such decisions, though perhaps viewed as wrong by others, do not amount to ineffective assistance of counsel." *Sardinia,* 42 Wn. App. at 542. The record is replete with evidence of effective assistance. For example, counsel successfully excluded the defendant's prior conviction, limited the number of potentially damaging hearsay statements, and conducted an effective cross examination of Dr. Reimer consistent with the defense theory of conspiracy. Counsel's representation was objectively reasonable. There was no error.

Judgment affirmed.

REED, C.J., and ALEXANDER, J., concur.