[No. 9717-6-II. Division Two. February 29, 1988.]

THE STATE OF WASHINGTON, *Appellant,* v. GERALD DOUGLAS JONES, *Respondent.*

*Arthur D. Curtis, Prosecuting Attorney,* and *Michael C. Kinney, Deputy,* for appellant.

*Edward L. Dunkerly* and *Ihringer & Dunkerly,* for respondent (appointed counsel for appeal).

REED, C.J.—The State appeals an order suppressing the hearsay statements of an alleged victim of indecent liberties and dismissing the case following pretrial hearings. We find that proposed corroborative evidence should have been considered by the court and remand.

The complainant was the defendant's 4–year–old daughter, Sonia. She told a member of the Washougal Police Department that Jones had engaged with her in a practice that—we are told—euphemistically is dubbed "golden showers," by prostitutes who encounter it from time to time. The State sought to admit Sonia's statements via RCW 9A.44.120(1), which allows the use of such evidence if:

(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and
(2) The child either:
(a) Testifies at the proceedings; or
(b) Is unavailable as a witness: *Provided,* That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

The trial judge found Sonia's statements to be reliable but held that she would not be able to testify in a trial court setting and, thus, was unavailable. Corroborative evidence offered by the State included evidence about Sonia's

nightmares and behavioral changes and testimony by three other people that Jones had requested or engaged in the same kind of activity with them. The judge rejected all of this evidence. He refused to consider the testimony about similar activities because he believed it would not be admissible at trial, ER 403, and held that the other evidence, alone, was inadequate to satisfy the statutory requirement. The State has not challenged the trial court's ruling pertaining to the behavior–related evidence, but it contends that the testimony about other "golden showers" activities was proper corroborative evidence, even though it could not be used at trial.[1] We agree.

■ Clearly, the testimony about other similar activity was relevant. Corroborative evidence can include any evidence, outside of the complainant's testimony itself, which has probative value—any evidence which could convince the trier of fact that the crime was committed, *United States v. Jones,* 477 F.2d 1213, 1218 (D.C. Cir. 1973); *United States v. Terry,* 422 F.2d 704, 707 (D.C. Cir. 1970), and which tends to connect the defendant with the crime. *State v. Stewart,* 52 Wash. 61, 100 P. 153 (1909). The evidence should be such as would support a "logical and reasonable inference" that the act of abuse occurred, *State v. Hunt,* 48 Wn. App. 840, 741 P.2d 566 (1987); evidence that "in some substantial degree tends to affirm" commission of the act, *State v. Spronk,* 379 N.W.2d 312, 314 (S.D. 1985). Corroboration may consist of circumstantial, as well as direct evidence. *State v. John Doe,* 105 Wn.2d 889, 897, 719 P.2d 554 (1986).

The evidence offered here concerned the same sexual aberration described by Sonia. Although we do not have the benefit of expert testimony in this regard, we can safely

---

[1]The State also conceded the inadmissibility of this evidence at trial. For the purposes of this opinion only, we accept the correctness of that ruling. *See infra,* at 712. *See also State v. Hunt,* 48 Wn. App. 840, 741 P.2d 566 (1987), where this court considered a child victim's behavioral changes as additional corroboration.

take notice that the type of behavior described is sufficiently unusual that few people would ever encounter it. The possibility that a small child would be familiar with the practice if she had not experienced it is extremely unlikely. Evidence that three other people had also encountered the same kind of behavior by the defendant would substantially increase the probability that the act against the child had occurred, and that Jones was the perpetrator. Assuming without deciding that such evidence would not have been admissible at trial because of its highly prejudicial effect, ER 403, we nevertheless hold that it properly could be considered as corroborative evidence in the pretrial hearing.

Without question, the defendant has a right to confront his accusers, guaranteed by both the United States and Washington Constitutions. *State v. Ryan,* 103 Wn.2d 165, 169–70, 691 P.2d 197 (1984). Therefore, the courts must be particularly careful when asked to admit hearsay statements when the child victim is unavailable, bearing in mind that rape "is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent." 1 M. Hale, *Pleas of the Crown* 635 (1680).

However, the requirement for corroboration goes to the question of admissibility, rather than proof of the charge. It is a question for the judge. The defendant's rights are not violated by the court's consideration of supporting evidence, so long as that evidence is reliable and adequate.

Because the jury is not involved in pretrial matters, the potential for prejudice is not present. Thus, the rules of evidence do not apply to such preliminary determinations in criminal cases. ER 104(a), 1101(c)(3); and evidence which would be inadmissible at trial may be considered. *United States v. Raddatz,* 447 U.S. 667, 679, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980); *State v. Tuffree,* 35 Wn. App. 243, 666 P.2d 912 (1983). Thus, in the absence of the jury, the judge could consider evidence of prior sexual misconduct of the prosecuting witness. *Tuffree,* 35 Wn. App. at 248.

It also has been held that in a suppression hearing (clearly analogous to this hearing) the court could consider (1) hearsay statements of informants in determining whether there was probable cause to arrest, *McCray v. Illinois,* 386 U.S. 300, 312–13, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967); (2) testimony by an officer other than the arresting officer about the circumstances of an arrest, *United States v. Boyce,* 797 F.2d 691, 692–93 (8th Cir. 1986); and (3) hearsay evidence to authenticate a phone call prior to its use as an admission by defendant. *State v. Danielson,* 37 Wn. App. 469, 471, 681 P.2d 260 (1984). This evidence is very similar to that discussed in *State v. Tuffree, supra.* In the absence of the jury, its prejudicial effect is nullified. Moreover, here the defendant would have the opportunity to cross–examine the corroborating witnesses. There is, therefore, no reasonable basis to bar consideration of the testimony.

Finally, proof of a sexual crime does not require corroboration of the alleged victim's testimony. RCW 9A.44.020(1). Therefore, there was no requirement that the prejudicial corroborative evidence be presented to the jury. The trial judge could have considered that testimony without violating either the defendant's constitutional rights or the rules of evidence. We remand so that he may do so.

ALEXANDER, J., concurs.

PETRICH, J. (dissenting)—I do not believe that testimony concerning Jones's prior sexual activities is competent corroborative evidence or that it corroborates the act in question. Therefore I dissent.

### COMPETENCY OF OTHER WRONGS EVIDENCE

Although in the course of human experience other wrongs demonstrating the accused's character may be logically relevant as to whether he acted in conformity with such character in a particular instance, such evidence is not legally relevant. *State v. Devlin,* 145 Wash. 44, 258 P. 826 (1927); *State v. Holmes,* 43 Wn. App. 397, 717 P.2d 766,

*review denied,* 106 Wn.2d 1003 (1986); 1A J. Wigmore, *Evidence* § 58.2 (1983).

Relevance is the keystone of admissibility of evidence. Irrelevant evidence is not competent evidence for any purpose. While ER 104(a) and 1101(c)(3) state that the rules of evidence do not apply to preliminary rulings on admissibility of evidence, I do not believe the rule countenanced the consideration of evidence that the law considers irrelevant.

> To state that a man is disposed to commit murder, or disposed to commit larceny, therefore he most likely has committed murder or larceny on *this* occasion is tantamount to a rejection of all common sense rules of relevancy.

Slough & Knightly, *Other Vices, Other Crimes,* 41 Iowa L. Rev. 333 (1956).

### CORROBORATION OF THE ACT

RCW 9A.44.120(2)(b) requires that there be "corroborative evidence of the act" before reliable out-of-court statements of an unavailable child witness will be admissible. The purpose of this requirement is to provide additional protection against fabrication in situations where cross examination is not possible. *State v. Hunt,* 48 Wn. App. 840, 847–48, 741 P.2d 566 (1987). The requirement of the statute focuses on the actual act which occurred, not on the perpetrator. In *State v. Hunt, supra,* Division One of this court recognized that the corroboration of the act in RCW 9A.44.120 is analogous to the requirement of independent corroborative proof of the corpus delicti prior to the admission of a confession. *Hunt,* 48 Wn. App. at 849.

Corpus delicti consists of two elements: (1) an injury or loss, and (2) someone's criminal act as the cause thereof. *Bremerton v. Corbett,* 106 Wn.2d 569, 573–74, 723 P.2d 1135 (1986). Both the corpus delicti rule and RCW 9A.44-.120 require corroboration of the *act* or injury complained of, not the identity of the perpetrator. *Corbett,* 106 Wn.2d at 578; *Hunt,* 48 Wn. App. at 849. The independent proof required for corpus delicti need only establish a prima facie

case that a crime occurred. *State v. Ryan,* 103 Wn.2d 165, 178, 691 P.2d 197 (1984). Similarly, appropriate corroborating evidence under RCW 9A.44.120 should make out a prima facie case that the particular act was performed on the particular victim. This viewpoint has been adopted by an Indiana Court of Appeals under a similar statute. In *Miller v. State,* 498 N.E.2d 1008, 1013 (Ind. Ct. App. 1986), *rev'd on other grounds,* 517 N.E.2d 64 (Ind. 1987), the court stated:

> Subsection (d) permits the statement to be admitted into evidence "only if there is corroborative evidence of the *act* that was allegedly committed against the child." (Emphasis added.) We view corroboration here to serve the same purpose as the requirement that independent corroborative proof of the corpus delicti be introduced before a confession is admitted. The phrase simply requires corroboration that the *"act"* was committed by someone. This result is compelled by the emphasis on the act, rather than any mention of the defendant.

As the Indiana court recognized, the focus of the corroborating evidence must be on the victim, *not* on the alleged perpetrator. The fact that the defendant had engaged in similar abnormal sexual behavior with other persons does not establish that the act occurred in the instant case.

Corroboration may be found in physical or medical evidence of abuse. Because actual physical evidence is often difficult to obtain, the statute encompasses direct and indirect evidence. *State v. John Doe,* 105 Wn.2d 889, 897, 719 P.2d 554 (1986) (Utter, J., concurring). Such evidence includes eyewitness testimony, confessions, and psychiatric testimony that the child evidences behavioral symptoms consistent with having been sexually abused. *See The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations,* 98 Harv. L. Rev. 806, 821 (1985) (cited by Utter, J., in *State v. John Doe, supra*). The evidence in every Washington case requiring corroboration under RCW 9A.44.120 focuses on the victim, not on the defendant. For example, in *State v. Justiniano,* 48 Wn. App. 572, 580–88, 740 P.2d 872 (1987), the victim's 10–

year–old brother testified that he saw the defendant with his hand down the victim's pants. In *State v. Gitchel,* 41 Wn. App. 820, 828, 706 P.2d 1091, *review denied,* 105 Wn.2d 1003 (1985), corroborating evidence included a doctor's finding of penetration and inappropriate behavior during the examination as well as complaints to a cousin and aunt by the victim and testimony that she suffered from nightmares. In *State v. Robinson,* 44 Wn. App. 611, 621, 722 P.2d 1379, *review denied,* 107 Wn.2d 1009 (1986), the child's statements were corroborated by a semen stain found on her blanket. Finally, in *State v. Hunt, supra,* the corroboration requirement was met through testimony as to the victim's unusual behavior at a day–care center. *Hunt,* 48 Wn. App. at 849–50.

In each of the above cases, the corroborating evidence directly bolstered the fact that the alleged act was performed upon the particular victim. Evidence of how the defendant may have acted in the past does not corroborate the allegation that the instant act of abuse occurred with the victim in this case. Such evidence does nothing to affirm the reliability of the child's hearsay statement or to "[preclude] the possibility that [the] defendant might be convicted solely on the basis of an out–of–court statement of a child who is incapable of accurately perceiving or describing events." *Comment, Sexual Abuse of Children— Washington's New Hearsay Exception,* 58 Wash. L. Rev. 813, 828 n.97 (1983).

The testimony of the defendant's prior conduct was not competent evidence and did not serve to corroborate the actual act of abuse committed in this case. The trial judge acted properly when he refused to consider the proffered testimony and I would affirm.

Review granted by Supreme Court May 31, 1988.