790 P.2d 539 (1989)
In the Matter of A.S., an alleged deprived child.
Edward SPOTTS, Appellant,
v.
STATE of Oklahoma, ex rel. DEPARTMENT OF HUMAN SERVICES, and A.S., an alleged deprived child, Appellees.
No. 72556.
Court of Appeals of Oklahoma, Division No. 3.
October 17, 1989.
Rehearing Denied November 21, 1989.
Certiorari Denied April 3, 1990.
Robert J. Unruh, Jr., Oklahoma City, for appellant.
Mary H. Smith, Asst. Dist. Atty., William R. McKinney, Asst. Public Defender, Oklahoma City, for appellees.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

*540 MEMORANDUM OPINION
HANSEN, Presiding Judge:
Appellant and Laura Mincy are the natural parents of A.S. They are divorced and have both remarried. Custody of A.S. is with Mrs. Mincy. On information supplied by Mrs. Mincy, the State of Oklahoma (State) filed this action alleging A.S. was deprived by reason of sexual abuse by Appellant. The jury returned a verdict finding A.S. to be deprived. Appellant filed a motion for new trial, which was overruled and this appeal resulted.
At the time of trial A.S. was about 2 1/2 years old. Appellant was accused by State of alleged sexual abuse by "touching the child's vaginal area." Mrs. Mincy testified that after a weekend visit with Appellant, she noted A.S. was red and raw in her groin area. Testimony by a physician, who had examined A.S. at the request of Mrs. Mincy, reflected that the child's hymenal ring was non-intact and that there were two small healed scars on the fourchette. The physician believed the scars could have been from two weeks to six months old. He believed her condition could be the result of sexual abuse. However, his testimony in no way implicated Appellant as the perpetrator.
At the time of trial, the court examined A.S. on the record, in camera, with only her mother present. After talking with the child, the trial court declared her to be *541 available as a witness. However, after a few minutes on the stand, he reversed his position and declared her to be unavailable as a witness, apparently concerned about her understanding of telling the truth. The consequences of his finding of unavailability were that hearsay testimony of State's witnesses would be admitted as to what A.S. had told them.
The primary thrust of Appellant's arguments on appeal, and the dispositive issue in this case is the admissibility of blatantly hearsay statements by A.S. to prove any abuse of A.S. was done by Appellant. Without these statements there is no evidence that it was Appellant who injured A.S. If these hearsay statements are admitted to prove the truth of the matter asserted, it is certainly a jury question as to their meaning.
12 O.S. 1987 Supp. § 2803.1 provides:
A. A statement made by a child twelve (12) years of age or younger, which describes any act of sexual contact performed with or on the child by another, is admissible in criminal and juvenile proceedings in the courts in this state if:
1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
2. The child either:
a. testifies at the proceedings, or
b. is unavailable as defined in Title 12 as a witness.
When the child is unavailable as defined in Title 12 as a witness, such statement may be admitted only if there is corroborative evidence of the act.
B... ...
12 O.S. 1981 § 2804(A) defines "unavailability as a witness". The only situation under this section that might be construed to include unavailability as a witness of a minor child is subsection 4. This subsection provides a witness is unavailable if he:
"is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity;"
There have been only a few published opinions in this jurisdiction addressing what constitutes unavailability of a minor child to testify in a sexual abuse action under § 2803.1. In Matter of W.D., 709 P.2d 1037 (Okla. 1985), the Supreme Court held the indicia of reliability set out in § 2803.1 to be sufficiently determinative of whether the hearsay statements of a child under ten years of age may be placed before the trier of fact, though there is no confrontation of the declarant-child. The reliability indicia assure that the trier of fact has a satisfactory basis upon which to evaluate the probative value of such statements. In that case the Court held corroborative evidence was not required because the child appeared as a witness at the adjudication even though questioned only by the trial judge and not subject to examination or cross-examination by either counsel.
In contrast and under a different set of circumstances, the Court of Appeals in Matter of J.J.J., 741 P.2d 491 (Okla. App. 1987) held the testimony of a foster mother describing conversations with the allegedly sexually abused children was not admissible where the children were in the courthouse and available, but did not testify.
In a recent Court of Appeals decision, In the Matter of A.D.B. and C.B., 778 P.2d 945 (Okla. App. 1989), the trial court found that a minor child was incompetent to testify, but ruled that the child was not unavailable as a witness. Therefore any extra-judicial statements were inadmissible hearsay under § 2803.1. The Court of Appeals reversed, holding her testimonial incompetence under subsection 4 above, made her "unavailable", thus permitting the children's out-of-court statements to be admitted as an exception to the hearsay rule. It remanded the case to the trial court with directions to determine whether the child was competent at the time the out-of-court statements were made, and to determine whether there was corroborative evidence of the acts described in the child's utterances.
Clearly the indicia of reliability set out in § 2803.1 must be present before *542 the out-of-court statements of the child may be admitted as an exception to the hearsay rule. Citing decisions of several jurisdictions, the Court in A.D.B. emphasized that the crucial factor encompassed in the exception is not the unavailability of the witness, but the unavailability of the child's testimony. In the present case it is not unreasonable to find a two year old child's testimony is unavailable even though she was present in the courtroom.
However, the Court in A.D.B. added a caveat to its holding. If a court finds a child's in-court statements would lack competency, then there must be some assurance that the child was competent when she made the out-of-court statements sought to be introduced. If A.S. was not a competent witness when she made the out-of-court statements, these statements should not be introduced through hearsay repetition.[1] We are persuaded by this rationale. Although the trial court did not err in finding A.S. to be unavailable due to incompetency, it made no specific finding that she was competent when the out-of-court statements were made. Accordingly, we reverse and remand for this determination.[2]
A further indicia of reliability, encompassed by § 2803.1, is the requirement that there be corroborative evidence of the act before the out-of-court statements may be admitted. In this case there is evidence from the physician that A.S. had been molested sexually by someone. However, there must be evidence corroborating that Appellant was the perpetrator of the act. not only that the act of abuse took place. State argues the statements made to the physician that her "Daddy" hurt her in her vaginal area is sufficient corroborative evidence that Appellant was the person who hurt her there.[3] This is hearsay bootstrapping hearsay which is certainly not the intent of the statute. We hold the statements of the examining physician were not sufficient corroborative evidence of Appellant's commission of the act and thus may not be used as a basis for the hearsay exception.
Appellant's next allegation of error argues the trial court erred in overruling his motion for a psychological examination of A.S. This is without merit. 10 O.S. 1987 Supp. § 1120, relied upon by Appellant, refers to examination by a mental health professional, as an aid to the court, in making the proper disposition concerning the child. It has no relevance to the adjudicatory stage of the proceedings. The trial court did not abuse its discretion in denying Appellant's motion.
Appellant also argues the trial court erred in its instructions to the jury and in the verdict forms provided to the jury. He does not comply with the rules of this Court for appealing jury instructions.[4] A judgment will not be disturbed on appeal by allegedly erroneous instructions where as a whole they fairly present the law applicable to the issues raised by the pleadings and the evidence. Smith v. United States Gypsum Co., 612 P.2d 251 (Okla. 1980). The instructions given the jury herein fairly present the law applicable to the finding of deprived.
We do agree, however, that the Verdict Form provided by the court could create confusion in that it only allowed a finding *543 that A.S. was deprived or not deprived. A proper Verdict Form, under the instructions, should give the jury two options  deprived as to Appellant, or not deprived. Although this alone is not sufficient to reverse the judgment, on retrial under the facts of this case, it is the better approach.
We, therefore, REVERSE the judgment and REMAND for a new trial after the trial court makes determinations expressed by this decision.
BAILEY, C.J., and REYNOLDS, J., concur.
NOTES
[1] State v. Ryan, 103 Wash.2d 165, 691 P.2d 197, 203 (1984), quoting 5 J. Wigmore, Evidence § 1424 at 304.
[2] See State v. Myatt, 237 Kan. 17, 697 P.2d 836 (1985); State v. Justiniano, 48 Wash. App. 572, 740 P.2d 872 (1987).
[3] The record reveals contradictory evidence as to whether A.S. called her stepfather "Daddy" as well as Appellant. There is further evidence A.S. has suffered from yeast infections and soreness in her groin area and that Appellant put medicine on her that "hurt" her. In addition her stepfather admittedly inflicted a bite to her inside thigh that required medical attention. Further, excerpts from the in camera examination of A.S. reflect answers by A.S. to questions the court proposed which would indicate Appellant did not commit sexual touching.
[4] Rule 15, Rules of the Supreme Court, 12 O.S. 1981, Ch. 15, App. 1.