No. 57,130

STATE OF KANSAS, *Appellant,* v. RICK LANTER, *Appellee.*

(699 P.2d 503)

Opinion filed May 10, 1985.

*Gunnar A. Sundby,* county attorney, argued the cause, and Robert T. Stephan, attorney general, was with him on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the State of Kansas from an order of the Atchison District Court dismissing a criminal complaint at the conclusion of the preliminary examination. The defendant, Rick Lanter, was charged with two counts of indecent liberties with a child, K.S.A. 1983 Supp. 21-3503. The alleged victim in count No. 1 was three and one-half years of age, and the child in count No. 2 was one and one-half. There was no evidence as to indecent liberties with the younger child, so we are concerned on appeal with the evidence presented by the State in support of count No. 1.

The State called three witnesses: the stepfather, the natural mother of the alleged victim, and an expert witness in the area of child sexual abuse. There was no medical testimony and no physical evidence of child abuse.

The mother testified as to a statement made to her by the little boy, concerning the acts of the defendant. The expert witness also testified as to this statement which was apparently made while she was interviewing the child in the presence of the mother. The trial court, at the conclusion of the hearing, determined upon the basis of the evidence that no crime had been committed and ordered the defendant discharged. The

State contends that the court erred in dismissing the complaint, and that the evidence was sufficient to require the court to bind the defendant over for trial.

The trial judge did not have the benefit and guidance of our opinion in *State v. Myatt,* 237 Kan. 17, 697 P.2d 836 (1985), nor were counsel aware of that opinion which was filed April 5, 1985, two days after oral argument of the appeal in this case. In *State v. Myatt,* Myatt was charged with indecent liberties with a six-year-old girl. The defendant, the girl's mother, and eventually the child, contracted gonorrhea. The child did not testify. Both Myatt and the State stipulated that the child was disqualified to testify. During the trial the court conducted a hearing pursuant to K.S.A. 60-460(dd) to determine whether the child's out-of-court statements made to Joe Johnson and Carlos Roman were reliable. The trial court found them to be reliable and admitted the statements into evidence. The defendant was convicted and appealed. We discussed the statute at length, the two-part test for determining the admissibility of the statement established in *Ohio v. Roberts,* 448 U.S. 56, 65 L.Ed.2d 597, 100 S.Ct. 2531 (1980), and the requirement under K.S.A. 60-460(dd) allowing for the admission of a child's statement only if the two prongs of *Roberts* are met. We said:

"K.S.A. 60-460(dd) allows for the admission of a child victim's hearsay statements only if the two prongs of *Roberts* are met. First, the trial judge must hold a hearing to determine whether the child is disqualified or unavailable as a witness. See K.S.A. 60-417. A child is considered to be unavailable for constitutional purposes if the trial court determines that the child is incompetent to testify. *Lancaster v. People,* 200 Colo. 448, 453, 615 P.2d 720 (1980).

"If the trial judge finds the child is 'unavailable,' he must determine if the statement is 'apparently reliable' and 'the child was not induced to make the statement falsely by use of threats or promises.' See K.S.A. 60-460(dd). It is apparent to this court the legislature intended to incorporate the Roberts standard for admissibility into this statute. Through the use of the words 'apparently reliable' it is implicit that the judge must find the evidence contains 'particularized guarantees of trustworthiness' since the new statute is not a 'firmly rooted hearsay exception.'

"The determination of reliability and trustworthiness must be made on a case-by-case basis. Such factors as the age of the child; his or her physical and mental condition; the circumstances of the alleged event; the language used by the child; the presence of corroborative physical evidence; the relationship of the accused to the child; the child's family, school, and peer relationships; any motive to falsify or distort the event; and the reliability of the testifying witness can be examined. See, *e.g., United States v. Nick,* 604 F.2d 1199 [9th Cir. 1979]; *State v. Rodriquez,* 8 Kan. App. 2d at 355-57." *State v. Myatt,* 237 Kan. at 25.

In the case before us the trial court did not hold a hearing and make the specific findings required by *Roberts* and the statute. The child was present and was placed on the witness stand, and adequately demonstrated his inability to testify at his tender age. The evidence would support a finding that the child was unavailable. The trial judge, however, did not make a determination as to whether the child's statement was "apparently reliable" and that "the child was not induced to make the statement falsely by use of threats or promises." The court did not find that the evidence contained "particularized guarantees of trustworthiness." All of the evidence concerning the making of the statement was before the trial court and we do not see the need for further evidentiary hearing. However, the trial judge saw and heard the witnesses and he, and not this court, should make these rulings.

We conclude that this case should be remanded to the trial court with directions to make findings pursuant to K.S.A. 60-460(dd) from the evidence already before it. If the trial court finds that the child's out-of-court statement is "apparently reliable," that "the child was not induced to make the statement falsely," and that there are "adequate indicia of reliability," then we conclude that the evidence is sufficient and the defendant must be bound over for trial. If, however, the trial court finds to the contrary, then the defendant should be discharged.

The case is remanded to the trial court for further proceedings in conformity with this opinion.