**In the Matter of W.D., Alleged Deprived Child.**

No. 62404.

Supreme Court of Oklahoma.

July 23, 1985.

Rehearing Denied Dec. 10, 1985.

William M. Allen, Oklahoma City, for appellant.

T. Hurley Jordan, Public Defender, Rick Ault, Oklahoma City, for child.

Robert H. Macy, Dist. Atty., Fern L. Smith, Patrick J. Morgan, Oklahoma City, for appellee.

ALMA WILSON, Justice.

Following an automobile accident at approximately 12:30 a.m. on February 5, 1984, Appellant was arrested for driving under the influence of alcohol. At the time of the arrest, Appellant's five year old child was in the car. Authorities were unable to locate a relative to take custody of the child and therefore placed the child in the Oklahoma County Childrens' Shelter.

After the child was bathed and as a shelter caretaker prepared the child for bed, the child allegedly made spontaneous, unsolicited statements to the caretaker concerning various sexual acts perpetrated on the child by Appellant, the child's sole custodial parent. Similar statements were also allegedly made by the child to a second shelter caretaker. The matter was reported to officials of the Department of Human Services [DHS], for investigation of suspected child sexual abuse.

On February 6, 7, and 8, 1984, DHS conducted physical and psychological examinations and evaluation of the child. The child allegedly repeated the statements concerning an established pattern of sexual contact with the Appellant-father, but expressed fear in talking about this because the child understood this to be a secret and did not want to get Appellant-father or himself into any trouble. The DHS worker reported that, with the use of anatomically correct dolls, the child demonstrated what happens when the child plays the secret game with Appellant. According to the

worker, the child was adamant in naming the father as the perpetrator. On February 8, 1984, DHS recommended court intervention on behalf of the child.

On February 10, 1984, the State filed its petition seeking to declare the child deprived by reason of cruelty, depravity and sexual abuse on the part of the father. The petition set forth explicit sexual acts which the father has allegedly committed on the child. The district court placed the child in temporary protective custody pending a show cause hearing on February 24, 1984. At the scheduled show cause hearing, before a referee of the Juvenile Division, the Appellant-father objected to the admissibility of testimony by the social-worker witness on the ground of hearsay. The referee sustained the objection and dissolved the temporary protective custody order. The State immediately filed a motion to stay enforcement of the referee's ruling and appealed to the district court, on the ground that the child would be in danger if returned to the home of the father at this time. The district court granted the State's motion to stay. Thereafter, a hearing on the State's appeal to the district court was heard on March 12, 1984. The district court reversed the referee's decision at that time. Appellant then filed a petition for writ of habeas corpus in this Court. We denied the writ on April 6, 1984 and also denied Appellant's subsequent petition for rehearing.

On May 4, 1984 and May 10, 1984, the district court convened for adjudicatory hearing on the merits of the State's petition to declare the child deprived. At the conclusion of this hearing the court below found, in pertinent part:

"FINDINGS OF FACT: That said child has not the proper parental care and guardianship necessary for his physical and mental health; that the home of said child is unfit by reason of depravity on the part of his father; that said child has been sexually abused by his father; that the father of said child has committed oral sodomy with him and has ejaculated in said child['s] mouth; that the father of said child masturbates and ejaculates in the presence of said child; that the father of said child fondles the genitals of said child; that the father of said child has the [child] fondle said father's genitals; that on the 5th day of February, 1984, the child was placed in the juvenile shelter because one father of said child was arrested for driving under the influence of alcohol and that said child was in the care of his father and his natural mother could not be located;"

.   .   .   .   .

Although the district court remanded temporary custody of the child to DHS, it did not terminate the parental rights of the Appellant-father, pending dispositional review on possible rehabilitation efforts by the Appellant-father in accordance with prescribed treatment and home evaluation.

Appellant-father has taken this appeal from the trial court's order declaring the child deprived. Termination of parental rights is not presently at issue herein. Appellant complains that he was not afforded a meaningful hearing in the court below within the time prescribed by law and that the State's evidence constitutes inadmissable hearsay.

I

The Appellant-father cites 10 O.S. 1984 Supp. § 1107.1(A)(1) in support of his contention that the child was impermissibly withheld from him without the benefit of a meaningful hearing within the time prescribed by law. We find this contention without merit. Title 10 O.S. 1984 Supp. § 1107.1(A)(1) provides:

A. When a child is taken into custody pursuant to the provisions of Sections 1101 through 1506 of this title, the child shall be detained only if it is necessary to assure the appearance of the child in court or *for the protection of the child* or public.

1. No pre-adjudicatory or predisposition detention or custody order shall remain in force and effect for more than *thirty (30) days. The court, for good and sufficient cause shown, may extend*

*the effective period of such an order for an additional period not to exceed sixty (60) days.* [Emphasis added.]

██ The fundamental requisite of due process is the opportunity to be heard. The hearing required by the Due Process Clause must be meaningful and appropriate to the nature of the case. *York v. Halley,* 534 P.2d 363 (Okl.1975). In the present case, Appellant was afforded a meaningful and timely pre-adjudicatory hearing in accordance with due process. On February 10, 1984, the district court issued its pre-adjudicatory temporary protective custody order and scheduled a show cause or evidentiary hearing for February 24, 1984. Appellant was given notice of the hearing, and on the appointed day Appellant appeared, was represented by counsel, and had the opportunity to present evidence and to be heard. Appellant, on his own accord, declined to present evidence on his own behalf, but cross-examined the State's witness and attacked the testimony of the State's witness on grounds of hearsay, solely as a matter of law. Also on the date of this hearing, the district court stayed the referee's decision to dissolve the court's temporary protective custody order, (issued 14 days previously), effectively maintaining and extending the force and effect of that order. On February 24, 1984, the district court additionally scheduled a hearing to review the merits of the show cause proceeding. Appellant likewise was given notice of this hearing, and on the appointed day Appellant appeared by counsel, and had the opportunity to be heard.

On March 12, 1984, the date of the scheduled show cause review, the district court, after reviewing the file, hearing arguments of counsel and being fully advised in the premises, found that the State had sustained its burden of proof and that there was likelihood of imminent harm to the child if returned to the home of Appellant at this time. The court set the case for adjudication on April 10, 1984, declaring its temporary protective custody order to remain in effect. Adjudication on April 10, 1984, however, was continued solely for the reason that Appellant filed a writ of habeas corpus and petition for rehearing in this Court during the interim preceding the scheduled adjudication. Appellant, therefore, may not now be heard to complain that the adjudication did not take place according to schedule, as the delay in adjudicatory proceeding was occasioned by Appellant's own volition. Moreover, the duration of the district court's pre-adjudicatory temporary protective custody order terminated on May 4, 1984, the ultimate date of adjudication in this matter, a period less than the total afforded by statute for good and sufficient cause shown. *See,* 10 O.S. 1984 Supp. § 1107.1(A)(1), *supra.* We find due process requirements appropriate to the nature of the case were afforded Appellant as required by 10 O.S. 1984 Supp. § 1107.1(A)(1), within time prescribed therein.

## II

██ We likewise find no reversible error based upon the admissibility of the State's evidence *against the Appellant-father* at the adjudication of this matter. In support of his proposition to exclude the testimonies of social worker, D.M., and psychologist, Dr. P., the Appellant-father urges 10 O.S. 1981 § 1109(a) which provides:

a. No information gained by questioning a child nor any evidence subsequently obtained as a result of such information shall be admissible into evidence *against the child* unless the questioning about any *alleged offense* by any law enforcement officer or investigative agency, or employee of the court, or the Department is done in the presence of the parents, guardian, attorney, or legal custodian of the child. [Emphasis added.]

. . . . .

We think it clear that §1109(a) governs the admissibility of information sought to be admitted against a child relating to an offense alleged to have been committed by the child, for it is only in connection with adjudication of juvenile delinquency

charges or juvenile criminal certification proceedings that evidence may properly be admitted *against a child*.[1] In this respect, the Appellant-father alleges that the five year old child-victim could be charged with delinquency herein. We find this contention wholly without merit. The protection afforded by § 1109(a) is for the benefit of the child. *Lee v. State*, 561 P.2d 566 (Okl. Cr.1977). The child in this matter is not charged with any offense. The statute may not be invoked to shield an alleged perpetrator of child sexual abuse in a juvenile deprived child action. Legislative intent to protect children from sexual abuse is expressly manifest through the adoption of 12 O.S. 1984 Supp. § 2803.1, carrying an emergency clause effective March 12, 1984, some two months prior to the instant adjudication:

A. A statement made by a child under ten (10) years of age, which describes any act of sexual contact performed with or on the child by another, is admissible in criminal and juvenile proceedings in the courts of this state if:

1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

2. The child either:

a. testifies at the proceedings, or

b. is unavailable as defined in Title 12 as a witness.

When the child is unavailable as defined in Title 12 as a witness, such statement may be admitted only if there is corroborative evidence of the act.

B. A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party of his intention to offer the statement and the particulars of the statement at least ten (10) days in advance of the proceedings to provide the adverse party with an opportunity to prepare to answer the statement.

The Appellant-father, however, attacks the constitutionality of 12 O.S. 1984 Supp. § 2803.1, above, and alternatively its application in the present matter, on the following grounds: (1) the classification drawn by the statute is impermissibly limited to only one age group and one subject, sexual abuse of children; (2) the statute impermissibly denies cross-examination of the child; (3) non-conformity with notice provisions of the statute; (4) insufficiency of corroborative medical expert testimony; and (5) the statute should not even be accorded prospective application. We find Appellant's complaints unsupported in law and in fact.

Appellant's first constitutional challenge intimates that the class of individuals drawn by 12 O.S. 1984 Supp. § 2803 for beneficial treatment impermissibly discriminates or differentiates between alleged sexually abused children under the age of ten (10) years and other classes of individuals similarly situated, and that he has been adversely affected by such classification. We note that in order to raise a claim of denial of equal protection, a person must be able to show that he or she is a member of a class which has been set apart by legislative action for differential treatment. *Collins v. State*, 561 P.2d 1373, 1383 (Ok.Cr.1977), *cert denied*, 434 U.S. 906, 98 S.Ct. 306, 54 L.Ed.2d 193 (1977). While Appellant herein cannot be said to be within the classification *denominated* by the legislature, he concededly has been affected by legislative action as applied to members of the collateral class of alleged child abuse offenders created by the challenged age classification. The Equal Protection Clause, U.S. Const.amend. XIV, § 1, is designed to assure that those persons similarly situated with respect to governmental action should be treated similarly. *Smith v. State*, 646 P.2d 1285 (Okl.Cr. 1982). Age classifications, however, have never been held constitutionally suspect and may be reviewed under the traditional

**1.** Accordingly, Oklahoma cases construing this statute have been applied only in delinquency or certification proceedings. *See, e.g., Robinson v. Boley State School for Boys*, 554 P.2d 44 (Okl.Cr.1976); *J.T.P. v. State*, 544 P.2d 1270 (Okl.Cr.1975); *In the Matter of G.L.W.*, 580 P.2d 998 (Okl.Cr.1978).

rational basis standard of constitutionality. *See, e.g., Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979); *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). In these instances, the Equal Protection Clause of the Fourteenth Amendment does not bar all distinctions between classes of individuals subject to governmental action, but simply assures that the classification made is neither arbitrary nor capricious, and that it bears a rational relationship to a legitimate governmental interest. *See, Smith, supra; Thayer v. Phillips Petroleum Co.,* 613 P.2d 1041 (Okl. 1980). Accordingly, the legislature may legitimately protect such groups by legislation.

■ We are of the opinion that the legislative provision here in controversy is constitutionally inviolate on grounds of equal protection. The obvious purpose of the challenged age classification, declaring the statements of children under ten (10) years of age describing acts of sexual contact to be admissible in criminal and juvenile proceedings under certain prescribed circumstances, is the protection of wholly dependent sexually abused children. In proceedings involving the care and custody of dependent and neglected children, the state is vitally interested and is regarded as in the position of parens patriae. *State v. Duncan,* 288 P.2d 388 (Okl.1955). The state's *duty* to protect children within its borders, *Matter of C.G.,* 637 P.2d 66 (Okl.1981), is neither arbitrary nor capricious, and bears a substantial rational relationship to an important, legitimate governmental interest.

### III

■ The Appellant-father next assails the constitutionality of 12 O.S. 1984 Supp. § 2803.1, *supra,* on the ground that it impermissibly denies cross-examination of the child "accuser" in violation of constitutional due process requirements establishing the right to confrontation. The United States Supreme Court, in *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213, (1970), stated:

"It is not argued, nor could it be, that the constitutional right to confrontation requires that no hearsay can ever be introduced."

" 'While it may readily be conceded that hearsay rules and the confrontation clause are generally designed to protect similar values, it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exception as they existed at common law. Our decisions have never established such a congruence; indeed we have more than once found a violation of confrontation values even though the statements in issue were admitted under an arguably recognized hearsay exception. The converse is equally true: merely because evidence is admitted in violation of a long-established hearsay rule does not lend to the automatic conclusion that confrontation rights have been denied.' *Calif. v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)." 400 U.S. at 80–81, 91 S.Ct. at 215–216.

Here, the statements complained of were admitted into evidence pursuant to 12 O.S. 1984 Supp. § 2803.1, which statute provides the following rules of reliability for evaluating the truth of the statements sought to be admitted thereunder, to ameliorate any violation of the general evidentiary hearsay rule:

—In a hearing conducted outside the presence of the jury, the court must find that the time, content and circumstances of the statement by the child bear sufficient indicia of reliability; and

—The child must either testify at the proceedings, *or* be unavailable as a witness; and

—In the event the child is unavailable as a witness, then the child's statements are admissible only if there is corroborative evidence of the act. [Emphasis added.]

We find these indicia of reliability sufficiently determinative of whether statements of children under ten (10) years of

age describing acts of sexual contact may be placed before the trier of fact, though there is no confrontation of the declarant-child, as they assure that the trier of fact has a satisfactory basis upon which to evaluate the probative value of such statements. Such statements, of course, are not conclusive upon the trier of fact, and the adversely affected party may testify and present evidence in his own behalf; cross-examine the witness to whom the child made statements; deny and refute the accuracy of the statements; and, advance whatever arguments can be made to support his position. Under these circumstances, the sensitive and practical considerations involved in confronting a child under ten years of age on a courtroom witness stand mitigate heavily against stringent notions of procedural importunity, especially so where the statements complained of bear sufficient indicia of reliability. We find the indicia of reliability afforded by 12 O.S. 1984 Supp. § 2803.1 sufficiently congruent with the mission of the right to confrontation and appropriate to the nature of the case involved as not to offend constitutional due process requirements.

### IV

■ Appellant next assails the trial court's application of 12 O.S. 1984 Supp. § 2803.1 under the facts of the present matter based upon the State's alleged failure to make known its intention to offer the child's statements against him ten days in advance of the proceedings to provide him the opportunity to prepare to answer the statements. The record reveals, however, that Appellant not only had actual knowledge of the State's intention with respect to the child's statements well in advance of ten days prior to the adjudication, but that Appellant himself introduced into evidence a document containing all of the statements of which he now complains.

The purpose of the notice requirement of 12 O.S. 1984 Supp. § 2803.1 is expressly stated as to "provide the adverse party

with an opportunity to prepare to answer the statement". Having actual possession of the content of the statements complained of, Appellant clearly was in no way prejudiced by the alleged failure of the State to provide statutory notice.

■ Appellant similarly complains that the medical expert testimony presented in this matter was insufficient to corroborate the statements of the child reported by the social worker witness. However, according to the statute, *supra*, corroborative evidence is required only when the child is unavailable as a witness. As the child herein did appear as a witness at the adjudication of this matter, (although questioned only by the trial judge and not subjected to examination or cross-examination by either counsel), we need not reach the sufficiency of Dr. P.'s testimony as corrobative of the prior testimony.

### V

■ Finally, Appellant asserts that even though 12 O.S. 1984 Supp. § 2803.1 may be found to be constitutional, it cannot be accorded prospective application in the present case because the statute was not in effect at the time the alleged sexual abuse occurred in this case. We cannot agree.

As opposed to either substantive or purely procedural law, 12 O.S. 1984 Supp. § 2803.1 is a rule of evidence, to apply to all criminal and juvenile proceedings in this State, effective March 12, 1984, by legislative emergency provision. The power of our state legislature to prescribe new rules of evidence or to alter existing rules of evidence is fundamental. Provided a legislatively enacted rule of evidence is not arbitrary and does not preclude a party from his day in court to establish his rights in opposition to it, the sphere of legislative competency to prescribe rules of evidence remains unfettered. *See, Taylor v. Anderson*, 40 Okl. 316, 137 P. 1183 (1914); *also see, Adler v. Board of Education of City of New York*, 342 U.S. 485, 72 S.Ct. 380, 27 L.Ed.2d 472 (1952).[2] Thus the *prospective* application of the rule herein was not error.

---

**2.** It has been held that the Oklahoma Evidence

Code is applicable only to the trial of cases

The judgment of the Court below is AFFIRMED in all respects.

DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE and KAUGER, JJ., concur.

SIMMS, C.J., and SUMMERS, J., concur in result. OPALA, J., concurs in part, dissents in part.

occurring after the effective date of the code. *Morris v. State,* 607 P.2d 1187 (Okl.Cr.1980). The Oklahoma Court of Criminal Appeals has expressly held that the law of evidence in effect at the time of trial controls and not the law of evidence in effect at the time of the commission of the offense. *Taylor v. State,* 640 P.2d 554 (Okl.Cr.1982). We find this rule persuasive in this case and therefore hold that the application of the rule herein was not error.