**In the Matter of A.D.B. and C.B., alleged deprived children.**

**STATE of Oklahoma and A.D.B., Appellants,**

**v.**

**Ronald BATES and Velma Bates, Appellees.**

No. 71286.

Court of Appeals of Oklahoma, Division No. 4.

Aug. 15, 1989.

---

1. *Cf.*, specially concurring opinion by Wilson, J., in *Dyco Petroleum Corporation v. Smith*, 771 P.2d at 1009–1010.

Mary H. Smith, Asst. Dist. Atty., Oklahoma City, for appellant State.

Jane Conner McKiddy, Oklahoma City, for appellant A.D.B.

Jerry V. Beavin, Robinson & Bower, Inc., Oklahoma City, for appellees.

STUBBLEFIELD, Judge.

On March 24, 1988, the State of Oklahoma filed a petition to have two minor children made wards of the State on the basis that they were deprived children as defined in 10 O.S.Supp.1988 § 1101(4). The State alleged that A.D.B., four years old, had been sexually abused by her father, and that her mother knew or should have known of the abuse and had failed to protect the child. The State alleged that the other child, C.B., eight years old, was at risk of harm in the home due to the abuse. The parents contested the action.

Prior to a trial in the matter and pursuant to 12 O.S.Supp.1988 § 2803.1(B), the State filed its notice of intent to use testimony regarding various extra-judicial statements of A.D.B. However, on May 31, 1988, a pretrial hearing was held in the case, and at the conclusion of that hearing the trial court ruled that A.D.B. was "not competent to testify in this proceeding" and was "not unavailable to testify as a witness in this action." Based upon the State's affirmation that it could not proceed without the presentation of the child's statements, the trial court dismissed the action and ordered the children returned to Defendant parents. It is from the trial court's dismissal that the State and A.D.B. appeal, particularly complaining of the ruling that A.D.B. was not unavailable as a witness after the trial court found that she was incompetent to testify.

This court is presented with a narrow question of law arising from the interpretation of the statute dealing with statements of minor children in proceedings involving alleged sexual abuse.[1] In 1984, the Oklahoma legislature enacted 12 O.S.Supp.1988 § 2803.1, which as amended now provides:

A. A statement made by a child twelve (12) years of age or younger, which describes any act of sexual contact

---

1. In the past, to avoid inflicting the further trauma upon the child from appearing in court, evidentiary devices were used to admit a child's out-of-court statements by stretching recognized hearsay objections. *Newbury v. State*, 695 P.2d 531 (Okl.Crim.App.1985); *State v. Casimier*, 454 So.2d 1199, 1205 n. 11 (La.Ct.App.1984). *See also* Wilson, "The Sexually Abused Infant Hearsay Exception: A Constitutional Analysis," 8 *J.Juv.L.* 59 (1984); Yun, "A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases," 83 *Colum.L.Rev.* 1745 (1983).

In apparent recognition of the abuse of the established hearsay exceptions and the difficulties of young children in appearing and giving testimony in court under normal procedures, there is a trend toward statutory provisions to allow a child's out-of-court statements to be introduced to avoid having to require the child to testify in court. The legislative intent to accomplish this result in Oklahoma is expressed in 12 O.S.Supp.1988 § 2803.1. *In re W.D.*, 709 P.2d 1037 (Okl.1985).

performed with or on the child by another, is admissible in criminal and juvenile proceedings in the courts in this state if:

1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

2. The child either:

   a. testifies at the proceedings, or

   b. *is unavailable as defined in Title 12 as a witness.*

When the child is unavailable as defined in Title 12 as a witness, such statement may be admitted only if there is corroborative evidence of the act. (Emphasis added.)

Herein, because the trial court ruled that A.D.B. was not competent to testify, the use of her previous statements depended upon her unavailability as a witness "as defined in Title 12," which provides:

A. "Unavailability as a witness," as used in this section, includes the situation in which the declarant:

. . . .

4. Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity.

12 O.S.1981 § 2804(A)(4). The child, A.D.B., was not deceased. Therefore, her unavailability could have been based only upon her testimonial incompetence resulting from an "existing physical or mental illness or infirmity."

There are no Oklahoma cases which have addressed unavailability as used in this specific situation. However, the courts of other states have addressed the issue and we take some guidance from their pronouncements.

Although Montana had not enacted a specific hearsay exception for child sexual abuse victims, the court in *State v. J.C.E.*, 767 P.2d 309, 315 (Mont.1988), in construing its unavailability requirement, held that

its residual hearsay exception statute would render admissible a child's out-of-court statements when the victim was "unavailable as a witness, whether through incompetency, illness, or some other like reason (e.g., trauma induced by the courtroom setting)." Likewise, the court in New Mexico found that for purposes of the unavailable witness exception to the hearsay rule, the crucial factor is not the *unavailability of the witness* but the *unavailability of her testimony.* *State v. Maestas,* 92 N.M. 135, 584 P.2d 182 (1978). The court in *State v. Drusch*, 139 Wis.2d 312, 319, 407 N.W.2d 328, 332 (1987) (emphasis added), found that an eight-year-old sexual assault victim was competent to testify but then found her unavailable to testify because of a *"then existing physical or mental illness or infirmity,"* when *on the stand she began to cry and was unable to respond to questions.*

However, most enlightening is the judicial treatment of the unavailability issue in states that have statutes similar to section 2803.1. The legislatures in several other states have also established specific hearsay exceptions for a child-declarant in sexual abuse cases.[2]

In determining whether a child victim was unavailable as required by a statute virtually identical to section 2803.1, the court in *State v. Ryan*, 103 Wash.2d 165, 169, 691 P.2d 197, 202 (1984), held that unavailability of a witness means that "the proponent is not presently able to obtain a confrontable witness' testimony." The concept of a confrontable witness was addressed by the court in *State v. Doe*, 105 Wash.2d 889, 895, 719 P.2d 554, 557 (1986) (citation omitted):

While the concepts of availability and competency do not overlap entirely, it is quite clear that an incompetent child is not available. The term "available" denotes a witness who can be confronted and cross-examined. A child unable to

**2.** Ariz.Rev.Stat.Ann. § 13–1416 (1987); Uniform Evidence Rule 803(25)(A), Ark.Code Ann. § 16–41–101 (1987); Cal.Evid.Code § 1228 (West Supp.1988); Fla.Stat.Ann. § 90.803 (West Supp.1989); Ill.Ann.Stat. ch. 38, § 15–10 (Smith–Hurd Supp.1989); Kan.Stat.Ann. 60–460(dd) (1983); Minn.Stat. § 595.02(3) (1987); Utah Code Ann. § 76–5–411 (Supp.1989) (effective July 1, 1990); and Wash.Rev.Code § 9A.44.120 (1988).

take the stand obviously cannot respond to opposing counsel's questions.

In the case of *State v. Gitchel*, 41 Wash. App. 820, 706 P.2d 1091 (1985), the court was presented, as we are in this case, with whether the out-of-court statements of a child sexual abuse victim, who had been found to be incompetent, were admissible based upon the child's unavailability as a witness. That court held that incompetency of a witness is the equivalent of unavailability, and that statements of a three-year-old child who was found to be incompetent at a pretrial hearing were admissible in a first degree statutory rape case. *Id.* at 825, 706 P.2d at 1095. A Minnesota court also treated a child, who had been ruled incompetent to testify, as an unavailable witness in *State v. Carver*, 380 N.W.2d 821 (Minn.Ct.App.1986).

The court in *State v. Myatt*, 237 Kan. 17, 697 P.2d 836 (1985), recognized that often the child victim's out-of-court statements constitute the only proof of the sexual crime because of the secrecy in which the acts were committed, the relationship of the accused to the victim and the usual lack of corroborating physical evidence. The court stated:

> The child may be unable to testify at trial due to fading memory, retraction of earlier statements due to guilt or fear, tender age, or inability to appreciate the proceedings in which he or she is a participant. Therefore, these hearsay statements are usually necessary to the proceedings as the only probative evidence available.

*Id.* at 21–22, 697 P.2d at 841. The *Myatt* court then held that the exception to the general rule excluding hearsay with respect to extra-judicial statements of children allows for admission of such statements if the two-pronged test of *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), is met, namely, if the witness is unavailable and the witness' out-of-court statements have adequate indicia of reliability. *Myatt*, 237 Kan. at 24, 697 P.2d at 843.

The Kansas court reiterated and clarified its position in *State v. Lanter*, 237 Kan.

309, 310, 699 P.2d 503, 505 (1985), when it stated: "First, the trial judge must hold a hearing to determine whether the child is disqualified or unavailable as a witness." Then citing *Lancaster v. People*, 200 Colo. 448, 615 P.2d 720 (1980), it concluded that "[a] child is considered to be unavailable for constitutional purposes if the trial court determines that the child is incompetent to testify." *Lanter*, 237 Kan. at 310, 699 P.2d at 505.

Herein, it is without question that, at the time of the hearing, A.D.B. was not competent to testify based on an infirmity or incapacity, which is defined as "inability, incapability, disability, [and] incompetence," *Black's Law Dictionary* 685 (5th ed. 1979), in responding to simple questions. We find that the facts of this case dictate that the incompetency of A.D.B. as a witness is an "infirmity" which would render her unavailable as a witness within the definition of 12 O.S.1981 § 2804(A)(4). Therefore, we find that the trial court erred in finding that A.D.B. was not unavailable as a witness.

The judgment of the trial court is reversed and the case is remanded for further proceedings to determine whether the child was competent at the time the out-of-court statements were made, *State v. Justiniano*, 48 Wash.App. 572, 577, 740 P.2d 872, 875 (1987); to determine whether the extra-judicial statements have "sufficient indicia of reliability" as required by section 2803.1(A)(1), and *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); and to determine whether there is corroborative evidence of the acts described in the child's utterances. 12 O.S.Supp.1988 § 2803.1(A).

REIF, J., concurs, and BRIGHTMIRE, V.C.J., concurs specially.

BRIGHTMIRE, Vice Chief Judge, concurring specially.

I concur with the result reached in the principal opinion and want to stress the importance of affording the accused the Sixth Amendment protections, particularly those delineated in a case cited in the foregoing opinion—*State v. Ryan*, 103 Wash.2d

165, 691 P.2d 197 (1984), having to do with determining the reliability of the alleged victims' hearsay statements.

The *Ryan* court quoted the following from 5 J. Wigmore, *Evidence* ¶ 1424, at 255 (Chadbourn rev. 1974) (Footnote omitted):

"The hearsay rule is merely an additional test or safeguard to be applied to testimonial evidence otherwise admissible. The admission of hearsay statements, by way of exception to the rule, therefore presupposes that the assertor possessed the *qualifications of a witness* ... in regard to knowledge and the like."

The court went on to say that if "the declarant was not competent at the time of making the statements, the statements may not be introduced through hearsay repetition. 5 J. Wigmore, *supra* at 304." The exceptions to this rule, continued the court, "are res gestae utterances or fresh complaints."

Thus among the various indicia of reliability, which the trial court must consider in resolving the issue of the admissibility of an incompetent and unavailable witness' alleged earlier statements, is the fact of whether the utterer was competent when such statements are said to have been made. And if such competency cannot be determined, the proffered "statements must be excluded as being unreliable." *Ryan*, 691 P.2d at 204.