2006 OK CIV APP 88

**In the Matter of K.U., M.U., and T.U., Alleged Deprived Children.**

**State of Oklahoma, Plaintiff/Appellee,**

v.

**Jonathan Ussery, Defendant/Appellant.**

**No. 102877.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 22, 2006.

Scott D. Raybern, Assistant District Attorney, Norman, OK, for Plaintiff/Appellee.

Keith J. Nedwick, L. Todd Nalagan, Law Offices of Keith J. Nedwick, Norman, OK, for Defendant/Appellant.

KENNETH L. BUETTNER, Chief Judge.

¶ 1 Defendant/Appellant Jonathan Ussery (Father) appeals the trial court's judgment adjudicating deprived his three minor children, K.U., M.U., and T.U. (collectively, Children). Plaintiff/Appellee State of Oklahoma filed a petition alleging Father failed to provide Children with proper care or parental supervision. Specifically, the State alleged Father sexually abused his six-year-old daughter, K.U. At trial, the trial judge questioned K.U. *in camera,* on the record, and found her available to testify. Nevertheless,

the trial court held that requiring the child to testify in open court would be too traumatic. The trial court also did not allow K.U. to testify by an alternative method. After hearing the testimony of the DHS social worker, who first interviewed K.U., the trial judge determined the totality of the circumstances provided sufficient indicia of reliability so as to render K.U.'s extra-judicial statements inherently trustworthy. Based on these findings, the trial judge admitted the social worker's testimony regarding K.U.'s out-of-court statements under 12 O.S.Supp.2004 § 2803.1, the statutory hearsay exception applicable to statements by minor children describing physical or sexual abuse in criminal or juvenile proceedings. Father appeals, arguing the trial court erred in applying § 2803.1; in refusing to permit Father to call M.U. and T.U. as witnesses; and in determining the evidence was sufficient to find Children deprived. We hold that the trial court erred in its application of § 2803.1, and reverse and remand for further proceedings.

### Factual Background and Procedural History

¶ 2 Father and Teresa Lane (Mother) are divorced. Father had physical custody of Children. DHS received a tip that K.U. was acting out in a sexualized manner inappropriate for her age and sent a social worker, Krista Jimerson–Beach, to investigate. Jimerson–Beach first met with K.U. at her elementary school in the presence of a school counselor. She conducted an extensive interview which resulted in incriminating statements against Father supporting sexual abuse.

¶ 3 Following her conversation with K.U., Jimerson–Beach interviewed Mother about the allegations. Mother admitted K.U. had disclosed sexual abuse by Father approximately one year earlier, telling Mother she did not like it when Father pulled down her panties.

¶ 4 As a result of these interviews, the State moved for temporary emergency custody of Children, which the trial court granted. The State then filed its Petition seeking to adjudicate Children deprived.

¶ 5 Prior to the hearing on the deprived Petition, DHS timely notified Father under 12 O.S.Supp.2004 § 2803.1 (B) of its intent to offer into evidence the out-of-court statements K.U. made to Jimerson–Beach implicating Father in sexual abuse. DHS asserted the hearsay was admissible under § 2803.1 because K.U. made them spontaneously when asked if she had been touched in an unsafe place, and specifically she was only six years old at the time of the statements, which suggested she had no motive to fabricate allegations against Father. Father objected, arguing Jimerson–Beach's testimony was inadmissible hearsay because K.U.'s out-of-court statements did not contain sufficient indicia of reliability and K.U. was available to testify at trial.[1]

¶ 6 At the hearing on the deprived Petition, the State called Jimerson–Beach as its first witness. The trial court allowed her to testify as to K.U.'s statements, subject to Father's continuing hearsay objection.[2]

¶ 7 At the conclusion of Jimerson–Beach's testimony, Father and the State contested the proper application of 12 O.S.Supp.2004 § 2803.1. The trial judge then interviewed

---

1. Father's response to the State's notice was designated as part of the record on appeal, but it is not in the record. However, Father preserved his objection at the hearing.

2. After Jimerson–Beach testified, the State called Father to testify. The State did not ask Father any questions after Father announced he was asserting his Fifth Amendment right against self-incrimination and would refuse to answer any of the trial court's or the State's questions, even those not seeking incriminating answers. *In Matter of C.C.*, 1995 OK CIV APP 127, ¶¶ 8–11, 907 P.2d 241, the Oklahoma Court of Civil Appeals held that because deprived child cases and termination of parental rights proceedings are civil in nature, the State may draw an adverse inference against a party who has claimed his Fifth Amendment rights. And, the State is allowed to comment on the adverse inference. *Id.*

The West Virginia Supreme Court of Appeals has explained that "because the purpose of an abuse and neglect proceeding is remedial, where the parent … fails to respond to probative evidence offered against him …, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability." *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865, 874.

K.U. in chambers with only K.U.'s counsel present. When the trial judge asked K.U. if she previously had met with Jimerson–Beach, K.U. indicated in the affirmative. When the trial judge inquired as to what K.U. had told Jimerson–Beach, K.U. responded, "I'm thinking." K.U. later admitted in response to the trial judge's questioning that she has had some "unsafe" things happen to her and that her "real dad" had touched her inappropriately in some places that are private. At different points in the interview, K.U. said both that she would not be able to answer questions from a stranger and that she would be able to tell her story to someone else. K.U. could not identify whom she would want to sit with her to make her feel comfortable when answering such questions.

¶ 8 After interviewing K.U. *in camera,* the trial court found she was available to testify but determined it would be traumatic for her to do so. The trial court further held that the totality of circumstances surrounding Jimerson–Beach's taking of K.U.'s out-of-court statements provided sufficient indicia of reliability to render them inherently trustworthy. Accordingly, the trial court determined the provisions of the § 2803.1 hearsay exception were met and admitted Jimerson–Beach's testimony regarding K.U.'s out-of-court statements implicating Father in sexual abuse.

¶ 9 At the close of Father's evidence, the trial court held the State had met its burden of proof and adjudicated Children deprived. Father appeals.

### Standard of Review

■ ¶ 10 Because deprived child hearings are civil in nature, appeals from district court decisions in deprived child cases are handled as civil, rather than criminal, appeals. 10 O.S.2001 § 7003–6.4(A); *see also In re P.F.,* 2005 OK CIV APP 50, ¶ 25, 118 P.3d 224, 229. The burden of proof is on the State to demonstrate the basis for the deprived-status adjudication by a preponder-

ance of the evidence. *See In re P.F.,* ¶ 25, 118 P.3d at 229, citing *In re G.G.,* 2004 OK CIV APP 71, ¶ 5, 97 P.3d 1155, 1160. The relevant statute, 10 O.S.2001 § 7003–4.5(A), provides:

> If the court finds that the allegations of a petition alleging a child to be deprived are supported by the evidence, and finds that it is in the best interests of the child and the public that the child be made a ward of the court, the court shall sustain the petition, and shall make an order of adjudication finding the child to be deprived and shall adjudge the child as a ward of the court.

Accordingly, this Court will "thoroughly review the record in light of the requirements and affirm the trial court's ruling if it is not contrary to the clear weight of the evidence." *Id.* ¶ 27, 118 P.3d at 229, citing *In re C.T.,* 1999 OK CIV APP 55, ¶ 6, 983 P.2d 523, 525.[3] Further, we will employ our plenary, independent, and nondeferential authority to reexamine the trial court's legal rulings as warranted. *See Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100, n. 1.

### Discussion

■ ¶ 11 Title 12 O.S.Supp.2004 § 2803.1, "Statements by Certain Children Regarding Physical or Sexual Abuse—Admissibility," represents the legislature's intent to allow a child's out-of-court statements to be introduced as evidence in abuse cases where circumstances ensure the reliability of the statements, in order to avoid inflicting further trauma on the child by requiring her to testify in court. *See Matter of A.D.B.,* 1989 OK CIV APP 55, 778 P.2d 945, 946 n. 1.

¶ 12 Section 2803.1 provides, in pertinent part:

> A. *A statement made by a child who has not attained thirteen (13) years of age* or a person who is an incapacitated person as such term is defined by the provisions of Section 10–103 of Title 43A of the Oklahoma Statutes, *which describes any act of*

---

**3.** This Court notes that the standard of review in termination of parental rights cases was changed in *In re S.B.C.,* 2002 OK 83, 64 P.3d 1080. In such cases now, a termination of rights will be reversed if there is a lack of clear-and-convincing evidence to support the termination. That standard of review, however, has not been made applicable to deprived child proceedings.

*physical abuse against the child or incapacitated person or any act of sexual contact performed with or on the child or* incapacitated person by another, *is admissible* in criminal and juvenile proceedings in the courts in this state *if:*

1. *The court finds,* in a hearing conducted outside the presence of the jury, *that the time, content and totality of circumstances surrounding the taking of the statement provide sufficient indicia of reliability so as to render it inherently trustworthy.* In determining such trustworthiness, the court may consider, among other things, the following factors: the spontaneity and consistent repetition of the statement, the mental state of the declarant, whether the terminology used is unexpected of a child of similar age or of an incapacitated person, and whether a lack of motive to fabricate exists; *and*

2. The child or incapacitated person either:

a. *testifies or is available to testify* at the proceedings *in open court* or through an alternative method pursuant to the provisions of the Uniform Child Witness Testimony by Alternative Methods Act[4] or Section 2611.2 of Title 12 of the Oklahoma Statutes, *or*

b. *is unavailable* as defined in Section 2804 of this title as a witness. When the child or incapacitated person is unavailable, such statement may be admitted *only if there is corroborative evidence of the act.*[5]

\* \* \*

12 O.S.Supp.2004 § 2803.1 (emphasis added).

¶ 13 Section 2803.1 therefore allows for the admission of a hearsay statement of a child under 13 who alleges physical or sexual abuse. However, the statute allows for the admission of the statement only if the court has held a hearing to determine if there are sufficient indicia of reliability, and the child is available to testify subject to cross-examination;[6] or, if the child is unavailable as a witness, the statement may be admitted only if there is corroborating evidence of the act.

¶ 14 Here, the trial court found the totality of circumstances surrounding Jimerson–Beach's taking of K.U.'s statements provided sufficient indicia of reliability so as to render the statements inherently trustworthy. The trial court further determined K.U. was available to testify. However, the trial court refused to allow K.U. to testify based on its conclusion that testifying would be traumatic for her. The trial court concluded its findings satisfied the requirements of § 2803.1 and admitted Jimerson–Beach's hearsay testimony of K.U.'s statements implicating Father in sexual abuse.

¶ 15 Father contends the evidence presented was insufficient to ensure the hearsay

---

4. The Uniform Child Witness Testimony by Alternative Methods Act (the Act), *12 O.S.Supp.2003 §§ 2611.*3–2611.11, was adopted in Oklahoma effective November 1, 2003. It defines "alternative method," describes the testimony to which it applies, provides for a hearing on the issue of whether an alternative method of testifying is warranted and an order, and finally, requires that the alternative method allows for examination and cross-examination of the child witness. The transcript of the hearing in this case shows the trial court considered allowing K.U. to testify by an alternative method, but ultimately elected not to do so.

5. The parties appear to agree that the only way the trial court could have determined K.U. to be unavailable to testify under the present facts would be if she had a "then existing physical or mental illness or infirmity" under *12 O.S.Supp. 2002 § 2804* (A)(4). While the State did not present evidence corroborating the act described in the hearsay statement, the social worker testified Mother reported to her that K.U. had com-

plained of Father touching her inappropriately a year earlier. The social worker testified K.U.'s aunt reported the same story. The social worker also testified that K.U. was examined by a doctor after being removed from Father's home. The doctor did not testify. Because the trial court found K.U. was an available witness, we do not determine whether there was sufficient corroboration presented to admit the hearsay evidence under § 2803.1(A)(2)(b). On remand, should the trial court find K.U. unavailable as a witness, it would need to determine whether there is corroborating evidence under this statute.

6. The requirement that the testimony be "in open court" negates any conclusion that an in-chambers conversation with the trial judge means the child "testifies." This "in open court" language was added to the statute in 2004, after the decision in *Matter of W.D.,* 1985 OK 65, 709 P.2d 1037, where the Court apparently equated a child's responding to questions only from the trial judge, without questioning by counsel, with testifying.

statements were reliable, citing *In re P.F., supra,* 118 P.3d at 230, for the proposition that "before the testimony becomes 'available,' it must meet the trustworthiness test." Father points to the fact that, during her interview with the trial judge, K.U. acknowledged meeting with Jimerson–Beach but failed to offer any substantive testimony regarding the circumstances surrounding her out-of-court statements. Father contends that, as such, the trial court did not have sufficient evidence upon which to base its determination either that K.U.'s extra-judicial statements to Jimerson–Beach bore sufficient indicia of reliability or that K.U. was competent at the time she made the statements implicating Father in sexual abuse.

¶ 16 Father's argument assumes the trial court must base its trustworthiness determination exclusively on the testimony of the minor child, when this condition is nowhere set forth in § 2803.1. The trial court merely is charged with finding "in a hearing conducted outside the presence of the jury, that the time, content and totality of circumstances surrounding the taking of the statement provide sufficient indicia of reliability so as to render it inherently trustworthy." *12 O.S.Supp.2004 § 2803.1* (A)(1). In so doing, "the court may consider, among other things, the following factors: the spontaneity and consistent repetition of the statement, the mental state of the declarant, whether the terminology used is unexpected of a child of similar age or of an incapacitated person, and whether a lack of motive to fabricate exists." *Id.* These enumerated factors clearly anticipate the trial court's reliance on witnesses other than the minor child in gleaning information about the time, content, and circumstances surrounding the taking of the out-of-court statements. Indeed, it would not be expected that a minor child, especially one as young as K.U., would testify regarding her mental state, the age-appropriateness of her terminology, or the spontaneousness and consistency of her extra-judicial statements. We affirm the trial court's finding that the circumstances showed sufficient indicia of reliability.

¶ 17 Father next asserts the trial court erred in finding K.U. was available to testify when the trial court also found she could not testify because to do so would be traumatic for K.U. Father argues the trial court erred in applying § 2803.1 in a way that found K.U. available while not allowing Father to call her to testify. Father contends the trial court's determination that K.U. was available to testify was in error. Under the original version of § 2803.1, enacted in 1984, out-of-court statements of minor children in abuse cases were admissible if there were sufficient indicia of reliability and the child either "testifie[d] at the proceedings" or was "unavailable as defined in Title 12 as a witness." Then, as now, the statute required corroboration of hearsay statements if the declarant was unavailable. *See* 12 O.S.Supps.1984 & 1986 § 2803.1 (A)(2)(a) & (b). Accordingly, under the statute as written in the mid–1980's, if a child witness did not testify, she was deemed "unavailable" and the proponent was required to provide corroborative evidence of the alleged abuse in order for the out-of-court statements to be admissible. *See* 12 O.S.Supps.1984 & 1986 § 2803.1 (A)(2).

■ ¶ 18 Section 2803.1 has since been amended to provide that where sufficient indicia of reliability exist, the out-of-court statements of a minor child are admissible if the child "testifies *or is available to testify* at the proceedings *in open court* or through an alternative method," or "is unavailable as defined in Section 2804 of this title . . . [and] there is corroborative evidence of the act." *12 O.S.Supp.2004 § 2803.1* (A)(2)(a) & (b)(emphasis added). Accordingly, a minor child is no longer required to testify in order to admit the hearsay statements under § 2803.1(A)(2)(a). This change is consistent with the legislative intent to protect children from the trauma of testifying where the trial court finds their out-of-court statements inherently trustworthy. The amended statute protects the child witness by giving the parties the option not to call the available child witness, while preserving the reliability afforded by knowing the child could be called as a witness.

■ ¶ 19 Where a child is deemed "available to testify" but does not in fact testify, the State is not required to produce

corroborative evidence of the alleged abuse in order for the trial court to rule hearsay testimony admissible. For example, where the State has sought to introduce hearsay statements of a child and the trial court has made the required finding of sufficient indicia of reliability, the trial court may conclude the child is available to testify (either in open court or by an alternative method pursuant to the Act), but the parties may elect not to call the child to testify to avoid trauma to the child or for strategic reasons. So long as the trial court would have allowed the child to testify, the child is available, thus § 2803.1(A)(2)(a) is satisfied. It is the *availability* of the child witness, whether or not actually called, which affords an additional element of reliability supporting the hearsay exception. On the other hand, in the case of an unavailable witness, reliability must be demonstrated by corroboration.

¶ 20 Here, based upon K.U.'s presence in court and the trustworthiness of her statement, the trial court labeled her "available" to testify under § 2803.1. But, when Father tried to call K.U. as a witness, the State objected and the trial court sustained the objection. The trial court concluded that cross-examination would traumatize K.U. and the trial court therefore did not allow K.U. to testify. A witness cannot both be "available to testify at the proceedings in open court or through an alternative method" (for application of § 2803.1(A)(2)(a)) and "unavailable as defined in Section 2804"[7] (for application of § 2803.1(A)(2)(b)).

¶ 21 When the trial court refused to allow Father to call K.U. to testify, because it would be too traumatic, the trial court effec-tively declared her unavailable under § 2804(A)(4). As such, corroboration was required by § 2803.1(A)(2)(b). As the Oklahoma Court of Civil Appeals explained in *Matter of A.D.B., supra,* 778 P.2d at 947, the crucial factor is not the physical availability of the child witness, but the availability of her testimony. *Matter of A.D.B.* offers a thorough analysis of the distinction between available and unavailable witnesses. Of particular note is the holding that a child is an unavailable witness where the trial court has found the child incompetent as a witness. 778 P.2d at 947–948, citing *State v. Lanter,* 237 Kan. 309, 310, 699 P.2d 503, 505 (1985) and *Lancaster v. People,* 200 Colo. 448, 615 P.2d 720 (1980).

¶ 22 Accordingly, though the child may be physically present, as K.U. was here, she was unavailable as a witness if due to an existing infirmity (such as susceptibility to trauma from testifying) the proponent is not able to present a confrontable witness's testimony.[8] And § 2803.1 expressly provides that where the child witness is unavailable, corroboration of the alleged act is required.

¶ 23 In order to admit uncorroborated hearsay statements under § 2803.1, the child declarant must (in open court or by alternative method) either testify or be available to testify, even if not called to do so. The trial court erred in labeling K.U. available but not allowing her to be called to testify. Because the trial court misapplied the standard of availability, we reverse and remand so the trial court may reconsider whether K.U. is available, and therefore whether to allow her to testify in court or through an alternative method.[9]

7. Under § 2804(A)(4), a witness is unavailable when the declarant is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity.

8. For example, *Matter of A.S.,* 1989 OK CIV APP 91, 790 P.2d 539, noted that it was reasonable to find that a two year old was unavailable as a witness even though she was present in the courtroom.

9. We do not find *In Matter of W.D.,* 1985 OK 65, 709 P.2d 1037, to control these proceedings. That case applied 12 O.S.Supp.1984 § 2803.1 which is substantially different from the current § 2803.1. In that case, the statute required the child to either testify or be unavailable. The Supreme Court held that the child had testified where she was questioned by the court, even though not subject to cross-examination by either party. In this case, the trial court only questioned whether K.U. had spoken to Jimerson–Beach and whether K.U. would answer questions from others. The trial court did not question K.U. on the content of her statements about Father. Additionally, the Act, adopted after *Matter of W.D.,* requires that where a child testifies by an alternative method, the trial court must

¶ 24 We may remand a case for proper application of a standard or statute. *In re Baby Girl L.,* 2002 OK 9, ¶ 30, 51 P.3d 544. Where a cause is reversed and remanded, it returns to the trial court as if it had never been decided, save only for the "settled law" of the case. *Smedsrud v. Powell,* 2002 OK 87, ¶ 13, 61 P.3d 891. The parties are relegated to their prejudgment status and are free to re-plead or re-press their claims as well as defenses. *Id.*

¶ 25 Father's next point of error on appeal is that the trial court erred in not allowing him to call his sons, M.U. and T.U. to the stand.[10] Because we reverse for a new hearing, Father will have the opportunity to properly subpoena his sons and the State may defend in any appropriate manner. However, with respect to witness fees, we note that it was undisputed Father failed to tender witness fees along with the subpoenas as required by 12 O.S.Supp.2002 § 2004.1 (B)(1). Father's argument that he should not have to provide witness fees until the conclusion of attendance because the case is "quasi-criminal" in nature is without merit. His insistence that State employees are not entitled to receive witness fees when subpoenaed to testify on any matter pertaining to their employment is likewise immaterial, given that he subpoenaed his two sons, not any DHS employees.

¶ 26 We REVERSE AND REMAND for further proceedings consistent with this opinion. Specifically, the trial court is directed to re-determine whether K.U. is available or unavailable as a witness, for purposes of § 2803.1.

ADAMS, J., concurs, and MITCHELL, P.J., dissents.

afford the parties the opportunity to examine and cross-examine the child. 12 O.S.Supp.2003 § 2611.10.

**10.** After the State rested, Father attempted to call K.U.'s brothers, M.U. and T.U., to the stand in his defense. Forty-eight hours prior to trial, Father had issued subpoenas to DHS commanding the boys to appear. Father did not include witness fees with the subpoenas. Counsel for the State and Children each stated they had not received copies of the subpoenas and were not on notice of Father's plans to call M.U. and T.U. as witnesses. The trial judge sustained the State's objection to the subpoenas because they were untimely and failed to include witness fees. See 12 O.S.Supp.2002 § 2004.1 (C)(3)(a)(1) & (B)(1).